## FITCH *vs.* COMMISSIONERS OF HIGHWAYS OF KIRKLAND.

Where a statute prescribes the *form* of an order or other summary proceeding, it must be followed as far forth as is consistent with the nature and exigency of the particular proceeding: IT WAS ACCORDINGLY HELD, that an order for the removal of fences made by *two* commissioners in the case of an encroachment of a highway was void, *it not appearing on the face of the order*, that the *third* commissioner was *duly notified* to attend the meeting of the board, and apprised of *the purpose* for which he was required to attend.

Although an order be *void*, it may be treated as *voidable* merely, and a *certiorari* brought to quash it.

A *certificate* of a jury finding an *encroachment upon a highway*, must, in the language of the statute, state the particulars of such encroachment: alleging the encroachment *to exist according to the last survey* of a person named in the certificate, without annexing the survey, or referring to it as on file in a public office, is not a compliance with the act.

Whether such a certificate can properly be returned by the commissioners on *certiorari* to them, or whether the writ should not have issued to the *town-clerk*, and the certificate been returned by him, *quere.*

ENCROACHMENT on highway. In this case, a *certiorari* was issued to *Orange Foote, Alden Brown* and *George Grummond*, commissioners of highways, of the town of Kirkland, in the county of Oneida, to which they returned that on 22d April, 1837, a complaint was exhibited to them of an encroachment upon a certain highway ; that they immediately proceeded to examine into the matter, and determined that an encroachment had been made, and agreed to meet at a certain place, on the 20*th day of April,* for the purpose of consulting on the expediency of making an order for the removal of the encroachment ; that they, the three commissioners, met accordingly, and *having consulted together,* TWO of them, viz : *Foote* and *Brown,* made an order, and subsequently to the loss of the order of the eighth of May, reduced the same to writing, as of the twenty-eighth of April. ' The order thus made, commences as follows : " At a meeting of the commissioners of highways, of the town of Kirkland, in the county of Oneida, holden at the Inn of Alden Brown, in said town of Kirkland, on the 28th day of April, 1837, at which said meeting *Orange Foote* and

*Alden Brown,* two of the commissioners of highways of said town, *were present,* and *George Grummond, having been duly notified, did not attend,* (BUT WAS) deemed and adjudged by the two commissioners (TO BE) present. After a careful examination of the road, &c." they adjudged that the breadth of the road as originally intended was three rods, and that John Fitch had encroached. This paper purported to have been signed by the *three* commissioners, but there is a note attached to it in these words : " George was not present, but assented to the foregoing. April 28th, 1837." The commissioners then further return that they caused a survey of the road to be made on the *fourth* day of *May,* the minutes of which survey and an accompanying diagram was delivered by the surveyor to two of the commissioners, viz : *Foote* and *Brown,* who thereupon gave due notice to *Grummond,* of an intended meeting on the *eigth* day of *May,* at the house of Brown, for the purpose of making an order requiring Fitch to remove the encroachments, and notifying him to remove his fences. That at the time and place appointed; *Foote* and *Brown* attended, and made and subscribed an *order,* and also made and subscribed a *notice,* a copy of which they annexed to their return ; they further certify that *Grummond consulted with them* as to making the order and notice of the *eighth* of *May,* and that he *approved* of the same. The *notice* of the eighth of *May,* annexed to the return, was directed to John Fitch and was to the effect, that an order had been duly made and filed in the town-clerk's office, dated on the eighth day of May, requiring him within 60 days to remove his fence, specifying the breadth of the road originally intended, describing the line to which his fence should be removed, and specifying the extent of the encroachment. This notice was served on Fitch, on the day of the date of the notice, and he on the same day denied the encroachment in writing. The commissioners thereupon applied to a justice for a precept to summon a jury to inquire into the premises. Two juries heard the proofs and allegations which were produced, and could not agree upon a verdict. A third jury was summoned, who, on the 26th July, 1837, found a verdict and made and sub-

scribed a *certificate* of their finding, which was filed on the same day, in the town-clerk's office. The jury certify that John Fitch has encroached by fences on the highway leading from the village of Franklin, in the town of Kirkland, to the town of Marshall, beginning at the south line of his farm on the high-way; running northerly on the line of said highway to the north line of his farm on said highway, *according to the last survey of Gaius Butler.* The commissioners, in the return, stated two surveys to have been made by *Butler,* one on the 4th May, 1837, and the other on the 24th July, 1837, and that both were filed in the town-clerk's office.

*C. P. Kirkland,* for plaintiff in error.

*J. A. Spencer,* for the defendants.

*By the Court,* Cowen, J. The objection that a second jury could not be summoned on the disagreement of the first, and a third on the disagreement of the second, was abandoned by the counsel for the plaintiff, on the counsel for the commissioners citing 2 R. S. 458, §26, 2*d* ed., and the objection confined to the informality of the order and uncertainty of the certificate. The objection that the jury erred on the *merits* was abandoned as not examinable upon *certiorari,* on the authority of *Birdsall* v. *Phillips,* 17 *Wendell,* 464.

Was the order in due form? The order of the 8th of May, under which the proceedings were had, is lost, and is not returned in form, scarcely in substance. Another was then drawn up, as of a previous date, the 28th of April, which professes to be about the same in substance as that of the 8th of May; and the argument may be taken to proceed on that, or the previous order which it resembles; though it is somewhat difficult to see, from the return, whether any order is before us which we can notice. The most favorable side for the defendants is, to take the order of the 28th of April as a representative of the order of the 8th of May, which was the one professedly acted on. Is that in due

form ? The 1 R. S. 520, §129, 2d ed., provides that orders of this kind, and others made by commissioners of highways, in execution of the powers conferred by title I. of ch. 14 of part 1 of the Revised Statutes, may be made by any *two* of the commissioners, " provided it shall appear in the order filed by them, *that all the commissioners of highways of the town met and deliberated on the subject embraced in such order; or were duly notified to attend a meeting of the commissioners, for the purpose of deliberating thereon.*" The order in question does not state that they all met and deliberated in this instance ; the contrary appears. Then is the other side of the alternative complied with ? The order says : " and the said George Grummond, *having been duly notified,* did not attend." This differs from the words of the statute which gives the form. The recital stops with saying *he was duly notified ;* it does not add *for what purpose.* The statute requires that the notice should be given *for the purpose of deliberating on the subject of the specific encroachment,* or other subject, whatever it may be ; and that the order shall expressly state the purpose of the notice. Here *non constat* that any purpose whatever was intimated to Grummond. The notice might have been a mere naked request. When a statute prescribes the form, the very words of an order or other summary proceeding, those words must be used, at least, as far as they can be applied to the nature and exigency of the particular proceeding. *Davison* v. *Gill,* 1 *East,* 64. *Goss* v. *Jackson,* 3 *Esp. R.* 198. According to the cases cited, the order would be a nullity ; and no penalty could be recovered against Fitch under the statute. But the order being void, does not preclude the party from treating it as voidable, and bring a certiorari to quash it at his election. *Starr* v. *The Trustees of the Village of Rochester,* 6 *Wendell,* 564, 567.

Then, as to the certificate of the jury. This is intended as a guide to the party who is convicted of the encroachment. In removing it, he is to conform to the certificate, which must, in the words of the statute, " state the particulars of the encroachment." 2 R. S. 518, §111, 2d ed. *See*

*also Spicer* v. *Slade, 9 Johns. R.* 359, as to the degree of certainty required by the nature of this proceeding. It cannot be pretended that Fitch was *particularly* informed of what he was to do, without being referred to the survey of Butler. *Non constat,* that this survey was annexed to the certificate, nor is it so referred to that Fitch could identify it, without a knowledge of several extrinsic facts mentioned in the return. From these, he might guess what survey was intended. But it was easy to annex the survey or a copy of it, and refer to it as annexed, at least, to mention it as having been filed and remaining on file in the clerk's office. This was not done. Twenty words would have made both the order and certificate conformable to the statute. The commissioners have preferred to load their return with extrinsic facts within their own knowledge, and some of which they say were within the knowledge of Fitch, on which it is sought to remedy the formal defects in the order, and to maintain that Fitch must have known what the jury's certificate meant to direct. We cannot follow them out of the proceedings to notice such facts.

I much doubt, however, whether the certificate is properly before us, even if the order be so. The former was made by the jury, and is, by statute, to be filed with the town clerk, who would be the proper officer for certifying it. It is perhaps different with the commissioners' order. *See Bacon's Abr. tit. Certiorari, (F.)* No objection was taken by counsel, to our hearing and disposing of the case on the merits. The order was the judicial act of the commissioners, and they have returned it without objection. Let that be quashed, and the certificate falls of course.

Order quashed.