By the Court,
Nelson, Ch. J.
By the 1 R. S. 517, § 107, 2d ed., the commissioners of highways are empowered, in case of an encroachment upon any road within the town by the fences of the occupant through whose land it runs, to-order such, fences to be removed, so that ‘the highway may be of the breadth originally intended. The order is required to be in writing, and written notice is also to be given to the occupant to remove his fences within sixty days. The section referred to also declares, that “every such order and notice shall specify the breadth of the road originally intended, the extent of the encroachment, and the place or places in which the same shall be. These requisitions of the statute must be complied with, before any subsequent proceedings can be instituted in case the encroachment is denied.
An incurable defect in the proceedings before us lies in the want of sufficient precision and certainty in describing the particulars of the encroachment complained of in the order and notice served upon the occupant. The statute is very explicit in this respect, and for a very obvious reason, viz. to enable the party,, if he see fit, to comply with *474 the order at once. The description should be full and precise, so as to fix the place and extent of the encroachment beyond all doubt or embarrassment to the occupant; for a heavy penalty is annexed in case of refusal to comply. (1 R. S. 517, 18, §108, 111, 2d ed.)
In .this case, both the order and notice, after giving the length of the fence and the termini thereof, describe the breadth of the encroachment as one rod or upwards, leaving the line to which the fence is to be removed altogether indefinite. Again: the notice directs that the fence shall be removed so that the highway may be of the breadth originally intended, without specifying what that breadth was, according to the record of the road, or otherwise. The burthen is thus thrown upon the occupant to ascertain this at his peril, and make the removal accordingly. But the statute places him in no such embarrassment; for that directs, not only that the extent of the encroachment and the place or places where it exists, shall be specified in the notice, but also the breadth of the road as originally intended. (1 R. S. 517, § 107, 2d ed.) The commissioners are thus required to put the party in possession of all the particulars of the encroachment necessary to enable him to go upon the ground where it is alleged to exist, and remove it at once. They are to ascertain the original width of the road, the place and extent of the encroachment, and must specify and limit the same in a way that can be easily and readily comprehended by the occupant.
The justice erred in annexing to the precept the list of jurors to be summoned; but that question is probably not before us, as the commissioners cannot legally return proceedings that took place before the justice. The certiorari should have been directed to the justice in order to bring up this question. (Fitch v. Commissioners, &c. of Kirkland, 22 Wend. 132.) But if regularly here, I think the error was waived, as no objection was made to the jury upon this ground.(a) It was doubtless competent for the party to agree to the freeholders thus summoned, as it *475 dearly would have been to any person who may have happened to be present without being summoned at all. The mode of selection was but an irregularity that may always be waived by the parties.
Proceedings reversed

 See Merrill v. Berkshire, (11 Pick. R. 269.)