THE PEOPLE *ex rel.* ISAAC OTTMAN *v.* HENRY A. HYNDS and others, Com'rs of Highways of the Town of Seward.

An order laying out a highway through improved, inclosed, or cultivated land, signed by only two of the commissioners of highways, and not reciting the fact that the third participated in the proceedings, or was notified to do so, is void.

THIS is an appeal from the judgment of the general term of the supreme court in the third district, affirming a judgment in favor of the defendants on mandamus, rendered at the Schoharie circuit in November, 1858.

In 1855, the relator sued out an alternative writ of mandamus, requiring the commissioners of highways of the town of Seward, Schoharie county, to open for public use a highway that he alleged had been previously duly laid out, or show cause to the contrary. The defendants made a return to the writ, showing for cause against opening the said road:

1st. That the road was laid out by two commissioners, over cultivated land, without the certificate of twelve freeholders.

2d. That the order requiring said road to be laid out is defective in being made by two commissioners without showing that the third participated in the proceedings, or was notified to do so.

3d. That the road was laid out through a door yard and enclosure of the Lutheran church parsonage, necessary to the enjoyment of the buildings thereon; and that no notice of the proceedings was given to said church, its officers or the occupant of said lot.

These allegations were all controverted in an answer put in by the relator to this return. The case was tried at a circuit, when a peremptory mandamus was awarded. This determination was reversed by the general term. (27 Barb. 94.) On the second trial at the circuit, before Justice

GOULD, without a jury, judgment was given for the defendants, and the relator appealed to the general term, where the judgment of the circuit was affirmed. He now appeals to this court.

By an order dated September 28th, 1854, two of the commissioners of highways of the town of Seward undertook to lay out the highway in question, in that town. The order recites that notice was given "that the undersigned commissioners of highways of said town would attend," &c., to decide upon the application, and the order was signed by but two commissioners, when it was required by law that there should be, and there were in fact, three commissioners of highways in said town. It does not appear in the order that all the commissioners met, or that all were notified to attend the meeting, when the question of making the order was to be determined, and there is no recital upon that subject.

The order referred to was made upon the certificate of twelve persons, who are described as freeholders. William J. Dunkle was one of the persons who signed this certificate, and it was shown that all the interest he had in any real estate, at the time of signing the certificate mentioned, was what he acquired under a deed from Isaac Hutton to Philip P. Wieting. The farm was designed for Dunkle, who made the purchase, or the agreement therefor, and paid $1,000 thereon. Not being able to pay the reidue of the money, Wieting advanced the same at his request, and having received a deed therefor for the purchase price of $4,200, executed a mortgage thereon for the balance, $2,200, but agreed to convey to Dunkle, on the latter repaying the $1,000 advanced, and paying the bond and mortgage. Proof of these facts was received by the judge against the objection and exception of the counsel for the relator.

The relator offered to show, by parol, that all the commissioners actually met and deliberated at the time the order was made, which was ruled out.

The judge, at the circuit, gave judgment for the defend-

ants, "for the insufficiency of the commissioners' order." No formal finding of facts was made by the judge, and no exceptions were taken to his findings or his conclusions of law otherwise than a general exception to his decision that the defendants were entitled to judgment for the insufficiency of the order.

*John K. Porter*, for the relator (appellant).

*H. Smith*, for the defendants (respondents).

HOGEBOOM, J.   The judgment should be affirmed.

I. There was not a certificate of twelve *freeholders*. Dunkle was not a *freeholder*.   He had not the legal title to the farm. That was either in Hutton or Wieting. Dunkle could not convey.   He had an *equitable* title which might perhaps be converted into a legal title.   The statute, by freeholders, means such as have the legal title to real estate—such as are freeholders without a proceeding in court to make or declare them so.

II. If there was not a certificate of *twelve freeholders*, the subsequent proceedings would be entirely *void*.   At all events the commissioners were not bound to proceed. (Exparte Clapper, 3 Hill, 458; *People* v. *Commissioners of Seward*, 27 Barb. 96; *People* v. *Eggleston*, 13 How. 123; *People* v. *Supervisors of Greene*, 12 Barb. 217.)

III. The notice of the hearing before the commissioners was a notice of the hearing before *two* commissioners alone. Such was the notice, and there is no proof to contradict it. More than those two would have been incompetent to act, and the intervention of the third commissioner would have been without *authority*, and would have made the proceedings *void*.   This is the *fair* construction of the order. There can be no proper *presumption* against this.

IV. The order itself is *void*, as made by two commissioners, without the intervention of a *third*, or *notice* to him recited in the order.   (1 R. S. 525.)

1. The statute (1 R. S. 525), was intended to make an

absolute and universal rule for cases of this kind, and to prevent any presumptions whatever. See notes of revisers, 3 R. S. (2d ed.) 520, citing 9 Johns. 360, and laws of 1826, page 229, section 9, and intending to express the result of that decision and that statute. (*Stewart* v. *Wallis*, 30 Barb. 344; *Fitch* v. *Commissioners of Kirkland*, 22 Wend. 135; *Contra, Tucker* v. *Rankin*, 15 Barb. 471.)

2. The general statute authorizing a *majority* of public officers to act under certain circumstances, is *limited* to cases where no special provision is otherwise made. (2 R. S. 5th ed. 869, § 29, 555.)

3. The order must be sufficient on its face. Its defects cannot be helped out, or supplied by parol. (*Fitch* v. *Commissioners of Kirkland*, 22 Wend. 135; Broom's Legal Maxims, 27, &c.; Smith on Statutes, 654, 655.)

The question is, whether the commissioners who were called upon to lay out the road, being presented with an order made by former commissioners, defective and insufficient on its face, were *bound* to proceed and consummate the proceedings. I apprehend they were not required— even if they were permitted—to search for parol evidence to fortify a defective order, and to show that *in fact* all the commissioners met and deliberated on the application to lay out the road, or were notified to do so. The office would be a thankless one if a mandamus could be issued against them in effect requiring the performance of such a service. They had a right to judge of the order by its contents.

V. Even if the order alluded to was not incurably defective, the omission to produce a certificate of twelve freeholders is *fatal*, and makes the whole proceedings *void*.

The judgment should be *affirmed*.

All the judges concurred, on the ground that the order did not show that all the commissioners met. Upon the other points they (except WRIGHT, J., who was for affirmance generally), were in doubt, and did not agree with HOGEBOOM, J. Judgment affirmed.