HAZZARD M. CHAPMAN, Commissioner of Highways of the town of Watson, *vs.* HIRAM R. SWAN.

An order laying out a highway, signed by two commissioners of highways, only, and not reciting the fact that all the commissioners met and deliberated on the subject embraced in the order, or were duly notified to attend a meeting for the purpose of deliberating thereon, is void.

Dedication, and acceptance by the public authorities, create a highway, without regard to the length of time it may have been used.

Neither recognition, nor acquiescence, can operate by way of estoppel, until the expiration of twenty years from the commencement of the user. When the twenty years have run, the right of the public is perfect, without regard to the mode in which the acquiescence of the owner of the land has been manifested.

Where witnesses, examined in 1863, testified that they lived on, and used, the road in question as long ago as in 1840, and that since then the road had been travelled and worked like other highways, *held* that the use of the road by the witnesses was such evidence of user as early as 1840 as would, unexplained, authorize the inference that it was used by the public from that time; and if so, the public right was perfect before the 6th of February, 1863.

A justice of the peace has jurisdiction of an action for obstructing a highway.

The defendant in such an action, is not bound to put in a plea of title, in order to avail himself of the defence of a public right of way, *it seems.*

Where, in an action to recover three several penalties of $5 each, for obstructing a road in " the month of April last," there was evidence which justified the jury in finding in favor of the plaintiff, for all of such penalties; *held* that a verdict in his favor might be sustained; although it was not clear whether

part of the obstructions were placed in the highway on three successive days, or whether several obstructions were placed therein on one day, and some on another day.

A PPEAL by the defendant from a judgment of the county court of Lewis county, affirming the judgment of a justice of the peace.

*C. D. Adams*, for the appellant.

*E. A. Brown*, for the respondent.

*By the Court*, MULLIN, P. J.   The plaintiff sued before a justice, to recover three penalties of $5 each, for obstructing a highway in the town of Watson, in the county of Lewis.   The plaintiff recovered, and the judgment was affirmed on appeal to the county court of said county.   On the trial before the justice, the plaintiff put in evidence an order signed by two commissioners of Watson, laying out the road in question.   That order did not recite that all the commissioners met and deliberated on the subject embraced in the order, or were duly notified to attend a meeting of the commissioners for the purpose of deliberating thereon, as required by statute.   (1 *Stat. at L.* 485, § 125.)   It was proved on the trial, without objection, that the third commissioner was present with the other commissioners when the order laying out the road was made.   The appellant's counsel now insists that no legal evidence was given of the laying out of the road.   If the position is correct the difficulty was one which no evidence on the part of the plaintiff could remove; and he is therefore at liberty now to insist on all such objections.   In *The People* v. *Hinds et al., Com. of Highways &c.*, in the Court of Appeals, and not yet reported,(*a*) a mandamus was issued to the defendants, as commissioners of highways of Seward, Schoharie county, requiring them to open a road in said town, laid out by their predecessors.   They

(*a*) Since reported, 30 *N. Y.* 470; *S. C.*, 27 *Barb.* 94.

showed, as cause for refusing to lay out, that the road was not legally laid out, it not appearing on the face of the order that all the commissioners had met and deliberated, or that notice had been given to all, as required by statute. The court below held that the presumption was, in the absence of a recital of the attendance of the third commissioner, or of notice to him, that he was absent, and parol evidence that all three were present was rejected. There was judgment for the defendants, and it was affirmed by the General Term of the third district, and that judgment was affirmed in the Court of Appeals. It follows that the order laying out the road in question was illegal, and there was no competent evidence of laying out the highway.

There is not a particle of evidence that the defendant ever dedicated the land over which the road runs, to the public. The only evidence that looks in that direction is the fact that he was seen to repair a fence on one side of the road. Repairing, at the place where repairs were made, may have been necessary to protect his crops against cattle running in the place where it is said a road was laid out. It is claimed that the defendant has recognized the highway, and acquiesced in it, so that he is estopped from now saying there was not a public highway. Dedication and acceptance by the public authorities create a highway, without regard to the length of time it may have been used. Neither recognition nor acquiescence can operate by way of estoppel, until the expiration of twenty years from the commencement of the user. When the twenty years have run, the right of the public is perfect, without regard to the mode in which the acquiescence of the owner of the land has been manifested. The defendant swears that he closed the road before the expiration of twenty years from the date of the order laying it out; and if that is the date from which the twenty years are reckoned, the plaintiff has not established a right to the way. Daniel and Stephen

R. Davis testify that they lived on and used the road in question as long ago as 1840, and that the road has been travelled and worked like other highways. The use of this road by the Davis family was such evidence of user as early as 1840, as would, unexplained, authorize the inference that it was used by the public from that time; and if so, the public right was perfect before the 6th of February, 1863, when the defendant says he first obstructed the road.

The justice of the peace had jurisdiction of the subject matter. It was held in *Parker* v. *Van Houten,* (7 *Wend.* 145,) and in *Fleet* v. *Youngs,* (*id.* 291,) that a plea of title is no bar to an action in a justice's court for obstructing a highway by encroaching on the same. If a plea of title was an inappropriate plea, it is difficult to understand how the plaintiff could be said to raise a question of title by proving the record of a road. I am aware that it has been held that a defendant cannot avail himself of a defence that the *locus in quo* was a highway, in a justice's court. To make the defence available, he must put in a plea of title. Without undertaking to reconcile these conflicting decisions, I am constrained to follow the cases cited, not only because they are decisions of this court, but because I believe them to be correct. Whenever the question shall arise whether a defendant must plead title in a justice's court, in order to avail himself of a defence of a public right of way, I shall feel no hesitation in holding that he is not bound, in such case, to put in such a plea.

There was evidence which justified the jury in finding for the plaintiff for these penalties. It is not clear whether part of the obstructions were placed in the road on three several days, or whether several obstructions were placed in the road on one day, as sworn to by the witness Davis, and some on another day, as sworn to by the defendant himself. The evidence was left quite

loose on this point, and it is impossible for us to say that the jury's finding was erroneous.

The judgments of the justice and county court should be affirmed, with costs.

[ONONDAGA GENERAL TERM, October 3, 1865. *Mullin, Morgan, Bacon* and *Foster*, Justices.]