Argument of Counsel.

DAVID SIMMONS, Appellant, *v.* JANE SINES, Respondent.

TRESPASS. RIGHT OF WAY OVER LANDS FROM NECESSITY. GRANT OF EQUITABLE TITLE CARRIES WITH IT ALL INCIDENT EQUITABLE RIGHTS. PRESUMPTION. COMMISSIONERS OF HIGHWAYS.

The principle, that the grantor of lands, to which there is no access except by passing over other lands of the grantor, conveys with the grant the right of way over such other lands to the premises conveyed, is fully sustained by all the authorities, ancient and modern.

The real point in the controversy relates to the question of *fact*, found by the referee, as to whether the plaintiff (alleged grantor) ever had title in the lands to which right of way of necessity over plaintiff's lands is claimed by defendant. This finding of the referee was supported by the following evidence : The plaintiff, while owner of the lot over which right of way was claimed, purchased, from one G., the lot in question, to which there was access only over the said lands of plaintiff. He gave his note for the purchase-money, received from G. a contract to convey, and entered into possession. Subsequently, G. bought back the lands so contracted to be conveyed by him, the incidents of such purchase being his surrender of the note to plaintiff, and receiving back from him the contract. *Held*, that plaintiff, by his purchase and possession, became the owner in equity of the lands, and that the subsequent transaction with G. was a sale to him of this equitable title, by an agreement binding in equity, and he is presumed to have transferred therewith an equitable right of way to and from such lands, without which there could be no beneficial enjoyment thereof.

The point determined as above will be better understood by comparing the argument of appellant's counsel with the opinion of GROVER, J., which see.

The presumption being, that, where a town has two commissioners of highways, it has the entire number authorized by statute, it devolves upon the party claiming the validity of the acts of two, to prove that the town had no more than that number.

The essence of the above proposition would seem to be, that the presumption declared therein is stronger than the well known presumption relating to the regularity of official proceedings.

*O. W. Smith*, for the appellant.

THIS is an action of trespass, first brought in justice's court, and title pleaded, and thence brought in this court, duly referred to Robert Parker, Esq., who reported for defendant on the ground defendant had a right of way by necessity. The General Term affirmed the judgment.

The facts proved, which are not disputed, are, that plaintiff owns and occupies two lots of land in Hamden, Delaware county, one containing fifty-five acres, and the other fifty acres, lying adjoining each other, both lying on the public highway. Plaintiff bought the fifty-five acre lot of H. D. Gould, now deceased, by contract, in 1844, and obtained a deed thereof in pursuance of said contract, in 1858. Plaintiff bought the fifty acre lot of J. R. Allaben in 1861. There was no road over either of said lots in 1844, when plaintiff bought the fifty-five acre lot. There was no reservation of a road in the contract of 1844, or in the deed subsequently made. Defendant's lot, which lies in the rear of plaintiff's land, was then wild and unoccupied, H. D. Gould having, at the time he sold the fifty-five acre lot to plaintiff, a lot of wild unoccupied land in the rear of plaintiff's land, and in 1846 sold to one Benton, which lot passed from hand to hand until it came to defendant's possession.

In 1847 there was an attempt made to lay out a public highway through these two lots, now belonging to the plaintiff and through defendant's lot, but the proceedings not being regular, the whole are held void by the referee, and have no legal effect. In 1853 there was also an attempt made by H. D. Gould to get a private road laid through these two lots to defendant's lot, and they got a release of the Van Alstines, who then occupied the plaintiff's fifty acre lot. It was also drawn up for plaintiff to sign, so as to cover his fifty-five acre lot. But he refused to sign it, and his name is not to it. The release expresses a consideration paid by defendant or some one before her; the proof shows that Gould paid $15 for it.

Notwithstanding the proceedings to lay out a public highway through these three lots are void, and defendant's predecessors failed to get a release from plaintiff through the fifty-five acre lot, yet defendant travels across plaintiff's two lots to plaintiff's damage, and for that this action is brought.

The referee reports in favor of defendant.

I. The referee erred in finding that defendant had a right of way across plaintiff's lands from necessity, and deciding

that plaintiff could not recover because defendant had a right of way from necessity across this land, for the reason there is no such defense set up in defendant's answer.

II. The evidence of the release signed by the Van Alstines, the evidence of the bargain and amount paid by Gould to the Van Alstines for such release, and the attempt to get a public and also a private road laid out through there, and the failure to set up any such defense in the answer when defendant is sued for it, repels the presumption that there was any such right by necessity.

The parties never contemplated any such right reserved — never supposed or believed there was any such right reserved — never claimed it as a right, regarded it as a right, or treated it as a right, and it never was a right.

It was never thought of by any one until the counsel prepared his brief for the argument when the case was in the General Term. At the time of the deed it was a wild lot and no road was necessary — no road was used and no road reserved in the deed.

III. The defendant holds under H. D. Gould. She has his title and takes the rights and interests he had in her lot and no greater, other or different. Two years before Gould conveyed defendant's lot, which was wild land, he conveyed to plaintiff his fifty-five acre lot, and at the same time he had and retained in his possession the defendant's lot, but reserved no right of way through plaintiff's lot. There was then no right of way, or way in use. It was a wild lot. Under these circumstances Gould did not retain a right of way as an incident or from necessity, for the benefit of the defendant's lot then in his hands unsold.

If he desired to retain such a right he was required to expressly reserve it in his deed. (1 East. 377; 21 Wend. 290; 18 N. Y. 109.)

The opinion of Judge BALCOM, given when this case was first tried, treats simply of the general principle of right of way by necessity. It does not discuss or consider the particular features of the principle involved in this case. The authorities, we think, will not any of them be found to hold

that a right of way by necessity or as an incident, is reserved by the grantor, where no such right of way has been or is being used across the lands granted. The most that can be claimed from the authorities is that the grantor retains a right of way as an incident over lands sold where a way has been previously used or is then being used. Even that doctrine we do not indorse. We think it is inconsistent with other well settled principles of law that must control, and it cannot be sustained upon principle.

We insist that the courts of this State have not adopted any such principle. The case in 21 Wend. 290, holds the very opposite doctrine. Every adjudication in this State in any way touching this question, favors the view we have taken of it, and cannot be held otherwise without doing violence to well settled principles of law.

This question was evaded by the General Term. They evidently had no answer to it. It is clearly settled in 21 Wend. 290, that there being no right reserved by Gould in his deed to plaintiff he has voluntarily cut himself off and can claim no right of way over the plaintiff's land. His grantees take no other or greater right than he had. They are cut off also. Gould's deed gives plaintiff his land free from any such incumbrance, and this court will never give defendant what he or his grantor has voluntarily deeded to plaintiff. Judge BOARDMAN's opinion evades the question and places it on the ground that "plaintiff for a year or two became the owner of the three lots and afterward sold defendant's lot to her grantor, ever since retaining and now owning the other two lots." There is no evidence in the case that plaintiff ever owned the three lots at the same time. It is false, and Judge BOARDMAN never found any such evidence. The only evidence to sustain his view is the pretense that plaintiff owned two of the lots at the same time, as follows: "I bought the place defendant lives on of Galusha; gave him my note for the amount going to him and he handed me the contract; I had it about a year and then gave back the contract to Galusha and he gave me my note; the contract was not assigned to me, nor did I give any writing when I handed it

back to Galusha; I had no other interest in the lot; I occupied it about a year, but cannot tell what year it was."

We submit that plaintiff never having had any writing or having given any writing whatever, *he is not a grantor, he has not in any way conveyed so as to make any title to the land or right of way.* He never was the owner of defendant's land *in a legal sense.* His claim had not a shadow of title; was merely verbal, and therefore no title was granted to or by him. Judge BOARDMAN never would have held so, had he understood the evidence. We insist that there is no evidence of any title of defendant's lot in plaintiff at any time, and therefore no right of way of necessity could pass from plaintiff, and the court clearly erred.

IV. The vendor in a contract and the grantor in a deed and all those holding under them or their title, are estopped from claiming any thing inconsistent with or contrary to the express terms of the contract or deed.

In this case, Gould, for full value, gave his contract and deed to plaintiff of the fifty-five acre lot, reserving nothing for the benefit of the rear lot then owned by him. Now it is claimed by defendant holding said rear lot under Gould, that a right of way was reserved, not expressly, but as an incident from necessity. That is inconsistent with and contrary to the express terms of the contract and deed, and is a claim prejudicial to the plaintiff, Gould's grantee, for it greatly lessens the value of plaintiff's lot. No such right or claim was contemplated by plaintiff or Gould when he purchased. It would compel plaintiff to pay for something he never purchased. As plaintiff and Gould supposed, and as the contract and deed shows, plaintiff purchased his fifty-five acre lot free from incumbrance. This claim, if allowed, places a heavy incumbrance upon it. The defendant is therefore estopped from making such a claim or having any such right. (9 Wend. 209; 7 Cow. 214; 8 Wend. 483; 4 Denio, 480; 18 Barb. 14; 8 Cow. 586; 4 Barb. 409; 4 Paige, 649; 3 Hill, 215; 7 Barb. 407.)

It is conceded if a man conveys a rear lot and retains the lot between that and the public highway, and there is no

other way to get a road to it, the purchaser of the rear lot would have a right of way through the front lot as an incident to the grantor from necessity. (19 Wend. 507; 5 Denio, 213; 24 Barb. 44; 1 Barb. Ch. 353.)

The following cited authorities and principles stated, tend to sustain the foregoing positions.

Every uncertainty in a deed is taken in favor of the grantee therein. (8 Johns. 394; 16 id. 172; 6 Hill, 453; 3 Johns. 375; Willard on Real Estate, 403.)

A grant must be taken most strongly against the grantor therein. (4 Kent Com. 420; Willard on Real Estate, 401.)

If a person conveys without words of limitation, his whole estate and right passes. (4 Cow. 325.)

Every grant passes all the estate of the grantor unless a different intent is expressed. (3 R. S., 5th ed., 30, § 163; 1 Comst. 242; 5 Seld. 49.)

A right of way by necessity is incidental to the deed in favor of the grantee, because all the means to obtain and enjoy the thing granted and all the fruits and effects of it are to be deemed granted also. (3 Kent Com. 420; Touchst. 89; 18 N. Y. 48; 4 Kent, 467; 18 Barb. 80; 9 Metc. 536; 18 N. Y. 109.)

The principle inures to the benefit of the grantee, and never inures to the benefit of the grantor, because it is a thing granted, and not reserved. Also, under the principles of estoppel, it cannot be that such a right is reserved as an incident. Where a man has given his deed of his lands to another, and having negotiated a sale thereof on the best terms he could, and nothing said to indicate his intention of having or reserving a way over the lands sold, and nothing in the deed implying such a right reserved, is estopped by his deed from using the land sold contrary to the terms of said deed, to the prejudice of grantee. Because it is in violation of the terms of the solemn instrument he himself has executed and delivered to the purchaser. Because it would greatly lessen the value of the property sold, and enhance the value of the property unsold, so that by the want of the reservation in the deed, the grantee would be

greatly injured and the grantor greatly benefited, and that is the very evil the principle of estoppel is intended to obviate.

V. The referee erred in allowing the declarations of Van Alstine to be given in evidence. Van Alstine was living and his declarations could not be given in evidence for any other purpose except to characterise his possession while he was in possession. Defendant did prove a special contract by these declarations, which was error. (36 N. Y. 191.)

The judgment should be reversed, and a new trial granted.

*W. Youmans, Jr.,* for the respondent.

The respondent in this case, in addition to the question decided by the General Term, insists, that this road in question was properly laid out, opened and worked.

The referee and also the General Term hold the order laying out the road void, for the reason that only two commissioners signed it. This doctrine, as applicable to this case, I dispute:

1. The case is silent as to whether there were more than two commissioners in the town at the time the road was laid out.

2. The case is also silent as to whether the third commissioner was present, or as to whether he was consulted and declined to act.

3. There is no dispute in the case but the road had been opened and worked sixteen years before the action was brought; hence, it follows:

I. The commissioners' proceedings were regular and valid.

The law presumes that public officers have done their duty, especially when their official acts have been acquiesced in and sanctioned for sixteen years, as in this case.

In *Calden* v. *Thurber* (2 J. R. 423), the court say: Where it appears that the road has been used for twelve years, it is *prima facie* evidence that it was opened by authority and all proceedings regular.

II. The fact that only two commissioners signed the order laying out, does not vitiate the proceedings. The law pre-

sum'es that the other was consulted and declined to act. (15 Barb. 471. See opinion by STRONG, J., p. 480 of case, and cases cited.)

In *Marble* v. *Whitney*, manuscript opinion, decided in Court of Appeals five years ago, the court uses the following language: " The presumption is that the commissioners all appeared and acted, and that their proceedings are correct and legal until the contrary appears."

Again: The case shows that Simmons got title of Gould in 1858, eleven years after the road was opened. The case also shows that Gould sold the land in question, both lots, to Abram Van Alstyne, by contract, prior to 1847. Also, case shows, that Gould paid Van Alstine $15 for this road when it was opened.

Again: The evidence shows, that plaintiff once owned defendant's farm and sold it to Galusha, through and under whom defendant holds, with this road to it as it now runs.

The plaintiff, in this case, is estopped from disputing the legality or existence of this road, he having conveyed defendant's farm to her grantor, with this road leading to it through his own lands as the only way by which she could approach it. Judgment should be affirmed with costs.

BACON, J. This case presents but a single point for adjudication. The evidence in the case establishes, and the referee's report finds, that the plaintiff is the owner of two lots, one of 50 acres and the other of 55 acres, adjoining each other. To one of them he obtained title in 1858, and to the other in 1861. The lot which defendant owns is in the rear of the plaintiff's land, and from it a road runs through the plaintiff's two lots to the highway, and this road is the only means of access which the defendant has to the public highway. It was opened and used as early as 1846 or 1847. An attempt was once made to have this road regularly laid out as a highway, but it failed through some informality in the proceedings of the commissioners. Gould was the original owner of the three lots now owned by the parties to this suit.

It is further found, that the defendant was in possession of

the lot at the time of the commencement of this suit, and had been for several years previously; that it was purchased in 1846 of Gould, who was also the grantor to the plaintiff of the fifty-five acre lot through which the road runs; that the plaintiff was at one time in possession of the defendant's lot, claiming to own it, and that he transferred it to one Galusha, under whom the defendant claims title. Upon these facts the referee finds, as a conclusion of law, that the defendant had a right of way over the land of the plaintiff from necessity, and was consequently guilty of no trespass in passing over it as alleged in the complaint, and the complaint was dismissed accordingly.

This conclusion is fully sustained by the authorities, "ancient, constant and modern," and is as old as Siderfin and as recent as Barbour. The principle is thus stated in *Buckley* v. *Coles* (5 Taunt. 311): "If a person own close A, and a passage of necessity to it over close B, and he purchases close B, and thereby unites in himself the title to both closes, yet, if he afterward sell close B to one person without any reservation, and then close A to another person, the purchaser of close A has a right of way over close B."

The principle which obtains a way of necessity was invoked and applied in the case of *Smiles* v. *Hastings* (24 Barb. 44), in which it was held, that such a right of way over several lots was a servitude to which each lot was equally subject, and was of the same character and force as if executed by express grant; that in case either of the lots was so situated that there was no access to it by any public road or by any other means without passing over the lands of other persons, a right of way passed to the grantee as a way of necessity, and such right, being appurtenant to the lands, would pass to persons deriving title from the original grantee. In this case it is not only not controverted but is expressly found, that the defendant had no way of egress from his land to the public highway than this right of way over the premises of the plaintiff.

The exception taken to the testimony of Van Alstyne as to his statements while in possession of the land, is of no

materiality in view of the point upon which the case turned and the decision rested, and it is not important, therefore, to pass upon it. The point of the objection was that such declaration could not be given in evidence while he was alive, and title could not be proved in that way. No title was sought to be established by this evidence. It was at most evidence intended to qualify the possession or interest asserted in the premises over which the way passed. Although as respects a chose in action it has been held that the title of a subsequent holder can not be affected by the declarations of a prior owner, this rule has never been held in regard to real estate, in respect to which such declarations have been repeatedly received and are subject to no legal exception. (See *Beach* v. *Wise*, 1 Hill. 612.)

The judgment should be affirmed.

GROVER, J. The order laying out the road was signed by only two commissioners, and failed to show upon its face that all met and deliberated upon the subject-matter, or were notified to attend a meeting for that purpose, and failed to attend pursuant to the notice. It was therefore invalid. (1 R. S. 525, § 125; *Fitch* v. *Commissioners, etc.*, 22 Wend. 132.) The counsel for the respondent insists that it is notwithstanding valid, for the reason that it did not appear that there was at the time more than two commissioners of highways in the town. The answer to this is, that the presumption is that when a town has two commissioners, it has the entire number authorized by statute, and that the party alleging that there were less must prove such allegation. The counsel for the respondent also claims that inasmuch as Gould owned the land now owned by the defendant, at the time he sold the land now owned by the plaintiff, and there being no mode of getting on to the land now owned by the defendant except by passing over the land of the plaintiff, Gould had the right of way over the lands of the latter to the lands of the former by necessity, and that this right passed by his conveyance and has now become vested in the defendant. Gould, in conveying the lands of the plaintiff,

made no reservation of a right of way or of any other in the deed. By that he made an absolute grant of the land. No interest therein was retained by him for any purpose. He had no more right to use the land for the purpose of a way than for any other purpose. (*Burr* v. *Mills*, 21 Wend. 290.) The referee found, that while the plaintiff was the owner of the lands now belonging to him, he was at one time in possession of the lot of the defendant, claiming to own it, and transferred the same to one Galusha, under whom the defendant claims title. That there was no other means of going from the defendant's premises to the public highway, or of returning to the same, except across said plaintiff's premises, and that she used the way from necessity. This finding shows, in substance, that the plaintiff was at one time the owner of all the lands now owned by both parties. That he conveyed the lot of the defendant, there being no access to the lands conveyed except by passing over the lands retained by the grantor. This gave a right of way over the plaintiff's land to that of defendant. (*Holmes* v. *Seely*, 12 Wend. 507, and cases cited.) This determines the case in favor of the defendant, but there was an exception taken by the plaintiff to the finding of these facts by the referee. This renders it necessary to look into the case to ascertain whether there was any evidence sustaining the finding. The testimony relating to the plaintiff's ownership and sale of defendant's lot, was given by the plaintiff. He testified, after giving an account of previous occupants of defendant's lot, that Galusha succeeded Burton in possession. That he bought it of Galusha and kept it a year, and that Galusha bought it back and came on to it again. Upon being recalled he further testified, that he bought the place of Galusha, and gave him his note for the amount going to him, and that Galusha handed him the contract. That he had it about a year and then gave back the contract to Galusha, and he gave up his note to him. That the contract was not assigned to him, nor did he give any writing when he handed it back to Galusha. What interest in the land was given by this contract does not appear. The probability is that it was a

contract given by the owner of the land for the sale and conveyance by him to the purchaser upon payment by the latter of the purchase money, as specified in the contract, and giving to the purchaser the right of possession until default made in the payments as required by the contract, as possession was held under the contract. The evidence warranted this conclusion. The contract gave the purchaser and his assigns an equitable title to the land. It is insisted by the counsel for the plaintiff, that this contract related to an interest in real estate, and could, by the statute of frauds, be only transferred by an instrument in writing. In this the counsel is correct, but the evidence shows that the plaintiff took possession of the land and occupied and improved the same for a year. That he gave his note for the purchase price of the contract. The agreement would have been enforced in equity. The plaintiff thus became the owner in equity of the land. He sold this equitable title to Galusha by an agreement binding in equity. The defendant holds under this equitable title thus sold by the plaintiff, and may have since acquired the legal title. The legal question then comes to this, whether one who having an equitable title to land, coupled with a legal right of possession, to which there is no access except over his other lands, transfers his equitable title and right of possession to another, thereby gives a right of way thereto over his other land to the purchaser. The same reason is applicable to this case as applies to a transfer of a legal title. That reason is, that when one grants lands, he is presumed to grant therewith that without which the land cannot be enjoyed. In the present case, the plaintiff, having transferred an equitable title to this land, is presumed to have transferred therewith an equitable right of way to and from such lands, without which there can be no beneficial enjoyment of the land. The only trespass alleged was the use of the way by the defendant. This use was lawful, and the plaintiff could not recover therefor.

The judgment appealed from must be affirmed.

Judgment affirmed.