## TIFFANY v. GIFFORD et al.

*(Supreme Court, Special Term, Chautauqua County.  February, 1889.)*

HIGHWAYS—ESTABLISHMENT BY STATUTORY PROCEEDINGS—JURY.

Under Laws N. Y. 1881, c. 696, providing for a jury of 12 men to certify to the necessity of altering and laying out highways, and prescribing their qualifications and manner of selection, where the names of 12 men are drawn, but 1 is disqualified, the other 11 are not a qualified jury within the meaning of the statute, and their acts as such are void, though the statute also provides that it is sufficient if 9 or more of the jurors act.

Application for a peremptory writ of *mandamus* by Charlotte S. Tiffany to compel Thomas H. Gifford and others, commissioners of highways, to appraise damages on petitioner's land.

*Sheldon, Green, Stevens & Benedict,* for petitioner.  *Woodbury & Butts,* for defendants.

CORLETT, J.  In June, 1888, application was made for the drawing of a jury to certify to the necessity of a public highway in the town of Ellicott, Chautauqua county.  The jury was attempted to be drawn on the 23d of June.  The preliminary steps and notices were regular.  Twelve names were drawn, 11 of whom afterwards acted and certified to the necessity of the highway.  One of the men drawn, Alfred E. Moore, was not, at the time of the drawing, a resident of the town of Ellicott, but formerly had been.  He was not notified to meet with the others; nor had he any notice of the drawing, and took no part in the proceedings.  After the certificate of the 11, the commissioners of the town laid out the highway, and then such proceedings were had that commissioners were appointed to assess the damages.  The highway was laid through improved lands.  The defendants refused and neglected to proceed to cause the damages to be appraised.  This application is made to compel them to proceed.

Various objections are raised; among others, want of jurisdiction on the ground that the jury was irregular.  The Revised Statutes, as amended in chapter 696 of the Laws of 1881, provide for the alteration and laying out of new roads, and for a jury to certify to the necessity.

On the subject of drawing, the statute is as follows: "At the time and place mentioned, the town-clerk of such town having received such notice that such jury is to be drawn, shall, in the presence of a justice of the peace, or one of the commissioners of highways of the town, deposit in a box the names of all persons then residents of his town whose names are on the lists filed in said town-clerk's office, of those selected and returned as jurors, pursuant to article second, title 4, chapter 7, part third of the Revised Statutes, who are not interested in the lands through which said road is to pass or be located, nor of kin to the owner thereof, and shall publicly, in the presence of such justice of the peace, or commissioner, draw therefrom the names of twelve persons, and shall make a certificate of such names, and the purposes for which they were drawn; and shall deliver the same to the person asking for the jury, and the applicant for such jury shall pay to the said town-clerk one dollar for drawing such jury."  2 Rev. St. N. Y. 1374.  After other provisions the statute proceeds to say that if nine or more of the persons who shall have been so drawn act, it is sufficient.

The statute further provides that such jury shall personally examine the route, etc.; shall hear reasons; and if nine or more shall be of the opinion that a highway is necessary, they shall so certify, etc.  It will be observed that the statute defines a jury as 12 men; such is the ordinary number, all of whom must agree, in the absence of a statutory limitation.  *Cruger* v. *Railroad Co.,* 12 N. Y. 190.  That number must be drawn, but nine of them may act and determine in the absence of the rest.  In some respects the position of the

jury is like that of highway commissioners, two of whom may act after notice, etc., to the third. It is a familiar rule that all orders signed by two commissioners must show on their face that all were notified, or the proceedings will be void. *Phillips* v. *Schumacher*, 10 Hun, 405; *People* v. *Hynds*, 30 N. Y. 470; *Miller* v. *Brown*, 56 N. Y. 383. The question here is whether a legal jury was ever drawn.

In *People* v. *Commissioners*, 27 Barb. 94, affirmed 30 N. Y. 470, it was held that if either of the jury signing a certificate was not a freeholder, the proceedings were without jurisdiction, and void.

In *People* v. *Potter*, 36 Hun, 181, the court held that an omission to put all the names in the box before drawing did not render the proceedings void. In that case all the jurors drawn were qualified. The defect was in omitting to put into the box all that should have been placed there. In the present case, there were never 12 jurymen drawn. One of them was a non-resident of the town. Eleven of those drawn were qualified to serve; but one was not. It would seem, therefore, that a jury was never obtained,—in other words, 12 qualified persons were never drawn.

It is undoubtedly true that those acting were competent men; but whether they were qualified to act as jurors in such a case depends whether they were drawn in pursuance of the statute. There is no provision for drawing a jury in such a proceeding of less than 12 men. The number less than 12 men authorized to act rests upon the assumption that they were a part of the 12 drawn. Suppose all those drawn had been non-residents of the town, it is obvious that the effort to obtain a jury would have been an entire failure. If 12 qualified persons must be drawn, a failure to obtain that number would seem to involve the proposition that no jury had been obtained.

In the *Potter Case*, the defect was not in the men drawn, or any of them, but in the omission to draw from a sufficient number. A majority of the court thought the omission was not jurisdictional; but here the defect is in the jury drawn. Only 11 qualified men were obtained; a twelfth was never drawn, so that a complete jury of 12 men was never obtained. It seems to follow that those who assumed to act were not a jury, or any part of one. If the statute provided for drawing a less number than 12, the learned counsel's argument for the applicant would seem to be complete. The list from which the drawing is directed to take place, is from that filed in the town-clerk's office, in pursuance of the Revised Statutes. It would have been necessary to look further, except for the express provision that those drawn should then be residents of the town. The statute is that the jury shall consist of 12 persons, then residents of the town, and qualified in other respects, as provided by statute. The difficulty here is that 12 residents were never drawn. No jury ever certified to the necessity of the highway. The application must be denied; the failure to obtain jurisdiction was the result of accident, and not bad faith. No costs are awarded on this application.