THE PEOPLE, on the relation of Seth Parsons and others, *vs.* THE RENSSELAER COMMON PLEAS.

MOTION for a mandamus. David Percy sued Seth Parsons and three others in a justice's court in the county of Rensselaer, and declared against them in a single count in *trespass quare clausum fregit* ; the premises stated as situate in the *town of Hosick,* in the county of Rensselaer. The defendants pleaded *liberum tenementum,* setting out the close which they claimed as their soil and freehold, by metes and bounds. The plaintiff, being thus stopped from further proceeding before the justice, declared in the Rensselaer common pleas in *trespass quare clausum fregit.* The declaration contained two counts, and the close in each was generally described, as in the declaration before the justice, as situate in the town of Hosick, &c. The defendants plead to each count *liberum tenementum,* setting out, as before, the close which they claimed as their soil and freehold. The plaintiff replied, taking issue on the plea to the first count, and new assigning as to the plea to the second count. The defendants pleaded not guilty to the new assignment, and subjoined a notice of special matter. The cause was tried, and the plaintiff obtained a verdict for $10,02 damages, which verdict was subsequently set aside and a new trial granted, with leave to the plaintiff to new assign to the first plea of the defendants. A stipulation was then entered into between the parties, that the new assignment should be considered as made, and a plea of not guilty interposed to the same, with a notice of special matter,

A plaintiff in the common pleas is not entitled to double costs, but, on the contrary, is liable to pay costs to the defendant, where the recovery is less than a sum sufficient to carry costs in the C. P. in an action of *trespass quare clausum fregit,* originally commenced in a justice's court, removed, by plea of title, into to the C. P. in which court the plaintiff, after a plea of *liberum tenementum,* new assigns, and the defendant, to such new assignment, pleads not guilty.

*It seems* it would be prudent, in every action of *trespass quare clausum fregit,* brought in a justice's court, to describe or designate the close, by metes and bounds, or otherwise, with sufficient precision in the declaration, so as to avoid the necessity of a new assignment, which may lead to the payment of costs, unless the plaintiff recovers to an amount sufficient to carry costs in ordinary cases.

in like manner as the plea and notice already put in to the new assignment to the second plea; that the plaintiff might enter a verdict for $10,02, the sum found by the jury on the former trial, and the record should be made up according to the preceding stipulations, leaving to the respective parties the same rights as to costs, as if the cause had been tried and a verdict found for the above amount.

On this state of facts, the defendants claimed to be entitled to costs, had them taxed at $105,07, and signed and filed a judgment roll. The plaintiff thereupon moved the common pleas to set aside the rule for judgment for costs entered by the defendants, and all subsequent proceedings, and to allow *double* costs to the plaintiff. In October, 1828, the common pleas granted the motion, set aside the rule for judgment for costs entered by the defendants, and made an order allowing the plaintiff double costs to be taxed. A mandamus was now asked for, to obtain a vacatur of this rule.

*H. P. Hunt*, for relators. The plaintiff in the common pleas recovered less than $25 in an action of trespass; wherefore, instead of recovering double costs, he is bound to pay costs to the defendants. (1 *R. L.* 344, 5. 1 *Cowen*, 160.) The seventh section of the act of 1813, (1 *R. L.* 390,) does not help the plaintiff. Double costs are given by that section only where title is plead, *and is in issue*. It was not in issue in this cause in the common pleas, having been admitted by the new assignment, which confessed the title to be true, (1 *Saund*. 399 *a*; 1 *Chitty*, 605;) and the verdict was upon the pleas of *not guilty*. A judge could not have certified that title to land came in question, so as to have given even *single* costs; (1 *Wendell*, 99;) much less is the plaintiff entitled to double costs.

The provision in the act, that if the plaintiff shall recover *any damages*, the defendant shall pay double costs, contemplates a trial upon *the issue of title*, and that found against the defendant, not admitted in his favor. This construction of the act of 1813, under which the suit before the justice was commenced, is confirmed by the act of 1824, (*statutes*, 6*th vol.* 283 *c*,) which requires that the plaintiff " shall de-

clare in the common pleas only for the same cause of action," &c.

The plaintiff embarrassed himself by declaring before the justice *generally*, without designating the close on which he alleged the trespass to have been ·committed. He had a right to declare generally, but the defendants had an equal right to plead *liberum tenementum ;* otherwise, perchance, there˜might have been a recovery against them for an entry on their own land ; for, under the plea of not guilty, they could not shew title. Had the plaintiff in the justice's court designated the close on which the alleged trespass was committed, the defendants might have plead the general issue, and the cause might have been tried there.

When a plaintiff declares *generally* in trespass, and the defendant pleads *title,* the latter is entitled to a verdict by proving a freehold any where *in the town* laid in the declaration. This may be avoided by the plaintiff's stating the close, for an entry upon which he claims damages. (1 *Saund.* 299 *a.* 1 *Chitty,* 605. 2 *Caines,* 232.)

*G. R. Davis,* contra. The plaintiff's claim to costs rests upon the statute regulating the proceedings upon a plea of title in a justice's court. By it, if the plaintiff recovers *any damages* in the suit prosecuted by him in the common pleas, after the justice is ousted of jurisdiction, the defendant is liable to double costs. Those costs are given as a penalty for subjecting the plaintiff to the expense of prosecuting his suit in the common pleas ; and the right to them does not depend upon the fact that the title to land is either in issue or comes in question upon the trial of the cause, but results from the suit being for the same cause of action prosecuted before the justice, and from the obtaining of a recovery by the plaintiff. The right of the plaintiff to double costs cannot depend either on the title being in issue or its coming in question on the trial in the common pleas ; for if so, the defendant might deprive the plaintiff of costs, by omitting to plead in the common pleas.

The new assignment did not set up a cause of action new or different from that preferred in the justice's court. It was but the ascertainment by the plaintiff of the *place* in which

the trespass charged in the declaration was committed.  (5 *Bacon's Abr. tit. New Assignment,* 213.)   It was used to correct a mis-conception into which the defendant had, it was presumed, unintentionally fallen.   It added circumstances defining, with greater precision, the cause of complaint. (*Hammond's N. P.* 126, 127, 131.)

The rule that the defendant will not be permitted to plead the general issue in the court above, after ousting a justice of jurisdiction by a plea of title, (2 *Caines,* 28, 1 *Dunlap's Pr.* 461, 2, *Statutes,* 6*th vol.* 283 *c,*) is for the benefit of the plaintiff, not of the defendant ; and if the plaintiff waives the right to require a plea of title, and accepts the general issue in lieu thereof, he cannot thereby lose his right to costs, in case he recovers any damages   The form of the plea put in by the defendant in the common pleas is not material, nor available other than as a plea of title ; and had the plaintiff requested the  court to confine the defendants to their defence as under a plea of title only, the court would have sustained the application, and thus given effect to the plain intention of the act.   (7 *Cowen,* 346, 7.)

*The Court* directed a peremptory mandamus to issue, commanding the common pleas to vacate the rule granted in October, 1828, setting aside the rule for costs for the defendants, and allowing double costs to the plaintiff; the motion being heard on the coming in of the return of an alternative mandamus heretofore granted.   The decision was made at the heel of the term, and the reasons for the judgment of the court were not stated at large.   The principle, however, settled by the court is, that under a state of pleadings, such as existed in this case, a plaintiff in the common pleas is not entitled to double costs ; but that, on the contrary, failing to recover an amount sufficient to carry costs in the common pleas, he is liable to pay costs to the defendant.