ELLICE *vs.* BOYER.

The rule of law, that shewing title to *any lands in a town* under a plea of *liberum tenementum* where the declaration is *general* will support the plea, does not entitle a defendant to a verdict, who, under the *proviso* in the *justice's act*, attempts to shew that the plaintiff had not possession of a title to the *locus in quo* by proving title to lands generally in third persons in the same town.

To enable a defendant to avail himself of the benefit of that *proviso*, he should object before the justice to the *generality* of the description of the premises.

Where a plea of title is interposed before a justice, the plaintiff may *new assign*, notwithstanding the provision that on the trial in the common pleas he shall declare for the same cause of action.

THIS was an action of *trespass quare clausum fregit*, tried at the Herkimer circuit, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The suit was originally commenced before a justice, the defendant pleaded title, the plaintiff declared in the common pleas, and the cause was removed into this court by *certiorari.* The declaration charges the entry upon a certain close, lands and premises, situate *in the town of Herkimer*, in the county, &c. without naming the close or giving abuttals. The defendant pleads *liberum tenementum*, and the plaintiff takes issue. On the trial of the cause, the defendant offered to prove title to various lands *in the town* of Herkimer to be *in third persons*, and the plaintiff admitted that A. B. and sundry other persons owned and were possessed of various tracts of land in that town at the time of the alleged trespass, the defendant insisted that he had established his defence. The plaintiff contended that the defendant was bound to shew title to the place in which the trespass was committed, in himself or in third persons; the common law doctrine of *novel assignments* not applying to cases like the present regulated by statute. The judge ruled that the defendant had established his defence, and was entitled to a verdict. The jury found accordingly, and the plaintiff now moves for a new trial.

*D. Burwell*, for plaintiff, cited Dyer's R. 23, b.; 8 Com. L. R. 140.

*A. Loomis*, for defendant.

*By the Court*, NELSON, J. The proof did not support the plea of *liberum tenementum*, 1 Chitty, 606, and the cases there cited; but it is said that it shewed title out of the plaintiff, which, it is alleged, constitutes a good defence under the proviso in the ninth section of the fifty dollar act, Laws of 1824, p. 283, which authorizes a defendant, notwithstanding the plea of title, to shew on the trial that the plaintiff had not possession of, or title to the premises at the time when the cause of action accrued. When the close upon which the trespass is committed is not described by metes and bounds, or otherwise located, in the declaration, and the defendant, under the plea of *liberum tenementum*, shews title to *any* lands *in the town* or ville, he is entitled to recover; and the defendant supposes, that as the statute allows title to be shewn *out of the plaintiff*, by way of defence, proving title to any lands in the town in a *third person*, constitutes a good defence. There may be some difficulty on the part of the defendant under the pleadings in this case, in consequence of the generality of the declaration, to avail himself of the benefit of this proviso, except in the way pursued at the circuit; but it might have been avoided by requiring the premises to be located in the declaration before the justice. The technical rule applicable to the plea of *liberum tenementum* cannot be applied to this defence, which is given by the statute without any pleading. When the plaintiff declares generally in this action, as in this case, and the defendant pleads the above plea, and the plaintiff replies, traversing it, the defendant sustains his plea by proving title to *any* land in the town. The proof is pertinent in consequence of the issue thus joined, and is justified by it. To apply this rule, which depends wholly upon the pleadings, to the statutory defence, which is given without pleading, would be arbitrary and unsupported by reason or analogy.

If the defendant had shewn a freehold in himself in the town of Herkimer, the direction of the judge would have been

correct. The plaintiff should have new assigned, which is but giving metes and bounds to the premises upon which the alleged trespass was commited, and is not incompatible with the provisions of the ninth section of the act aforesaid, to wit, that in the trial in the common pleas the plaintiff shall declare for the same cause of action upon which he relied in the justice's court. 2 Chitty, 602. 2 id. 656.

ALBANY,
Jan. 1832.

New trial granted, costs to abide the event.