By the Court,

Nelson, J.
The revised statutes, 2 R. S. 236, from § 59 to § 66, inclusive, prescribe the pleadings which may be interposed in a justice’s court, in actions in which the title to lands may come in question ; and they have materially altered the proceedings in such cases from what they were under the act of 1824, or the former twenty-five dollar act. The defendant may now plead specially any plea showing that the title of lands will come in question, or may, under the general issue, give a notice to that effect: and such plea and notice may be joined with any other proper plea to the action. Under this form of pleading, the trespass is not admitted, but must be proved. The former laws confined the defendant to a plea of title, which, after being countersigned by the justice, was conclusive evidence in the common pleas that the defendant relied on his title in justification ; and by the strict rules of pleading, independently of the plain meaning of the statute, admitted the cause of action. 2 Caines, 28. 7 Johns. R. 273. There is nothing in the present statutes restraining the defence to the title; and the form of pleading that may be adopted, we have seen, does not. The former statutes also expressly authorized the defendant to show before the ‘common pleas, notwithstanding his plea of title, that the plaintiff had not possession of, or title to the premises at the time the cause of action accrued. This provision has been omitted as unimportant, after giving to the defendant liberty to plead any defence. The legislature have secured all the benefit of the former provisions to the plaintiff in another way, equally as effectual, more simple, and in harmony with the ordinary pleadings and practice in the prosecution and defence of a suit. The 65th section provides, that if the judgment in the common pleas be for the defendant, (other than judgment of nonsuit or non-pros,) and the presiding judge shall not certify that the title to lands did come in question, the defendant shall not recover costs, but shall pay costs to the plaintiff. This provision will prevent a defendant from setting up title before the justice to oust him of jurisdiction, unless it be done in good faith ; for, should he fail in obtaining the certificate of the presiding judge on the trial that the title to lands *647 did come in question, though he may be successful under the general issue, or any other plea, except the plea of title, he must pay costs. This is just; for, in such case, the matter might have been litigated and determined before the justice.
As to the pleadings on the part of the plaintiff, it is provided that the plaintiff in the common pleas “ shall declare only for the same cause of action whereon he relied before the justice ; and the plea, or plea and notice of the defendant shall be the same which he tendered to the justice.” Section 64. There is no doubt that the true construction of this section is, that the pleadings both of the plaintiff and the defendant shall be substantially, if not literally the same as they were in the common pleas. This seems necessarily to result, as well from the language of the statute, as the liberty given to the defendant, to set up any defence which he may have besides that of title ; for if he pleads several pleas specially, as he may do, the plaintiff may be under the necessity of replying ; and then, as the defendant is confined in the court above to his pleas put in before the justice, the plaintiff necessarily must be. Putting the pleading more in form in the court above would not perhaps be objectionable, but nothing beyond that should be allowed. The remedy, how ever, for a departure in the *pleadings from what is prescribed in the 64th section, as thus understood, should be confined to an application to the court to strike out the exceptionable pleading; and if this remedy is not sought in proper time, the cause should be tried on the issues upon the record, though different from those before the justice ; and in such case it should be deemed an original suit in the common pleas, without any connection with the proceedings below, either in regard to trial or costs. This view, which is in strict accordance with the provisions of the statute, will relieve these proceedings from much of the embarrassment that has heretofore grown out of them, by regarding the suit in the common pleas as a continuation of the suit before the justice, notwithstanding the parties have disregarded the statute in their pleadings, and which created the only material distinction between it and an original suit. It is the view, too, as I understand from the chief justice, that was taken by him of the question as to the effect of departing from the pleadings below, in his judgment, in the case of The People v. Rensselaer Common Pleas, 2 Wendell, 647.
Testing the case under consideration by the principles above adverted to, the decision of the judge at the circuit cannot be upheld. The first plea is substantially the general issue, and the other matters connected with it are immaterial, and should be rejected as surplusage. The cause of action was therefore not admitted, and the plaintiff was bound to prove it. Parties cannot be permitted to raise questions as to the identity of the cause of action with that in the court below, by making an issue in this way. If objectionable pleadings are interposed, they must be stricken out on motion.
Hereafter it may behove the plaintiff to designate the premises in his declaration upon which the alleged trespass was committed ; for otherwise, under the plea of title, or notice of it under the general issue, the defendant will be at liberty to avail himself of the defence peculiar to that plea in this action, of showing title to any close in the town ; and according to the doctrine of this case, which we think correct, he would not be at liberty to new assign in the court above, as was intimated in Ellice v. Boyer, 8 Wendell, 503, for then the defendant *should be at liberty to vary his pleas, which would be in the teeth of the statute. The intimation in Ellice v. Boyer was in a case under the law of 1824. The plaintiff may new assign before the justice, and should do so, if necessary. New trial granted.