Bowen, J.
 

 The only question before this court is whether the order of March, 1852, is not void for the reason that one of the three judges who composed the court, when the decision embodied in the order was pronounced did not hear the argument of the motion.
 

 It is to be presumed that the two judges who heard the argument, and who were present when the order was entered, concurred in the decision, as the contrary is not shown or pretended; and as they formed a majority of the members of the court, who heard the argument, the decision would have been the same had the other judge who heard the argument been present and dissented.
 
 (Code,
 
 § 19.) The appellants,, consequently, have not been prejudiced by the change complained of; yet if the three judges, present at the time the order was directed, could not legally hold a
 
 *288
 
 court for the purpose of deciding the motion, the order is void and should be reversed; and as it was made upon a summary application in an action after judgment, and affects a substantial right
 
 (Code,
 
 $ 11), the question of the validity of the order is properly before us.
 

 It was competent for three judges to hold a general term of the Supreme Court
 
 {Const., art. VI.,
 
 § 6), and, as before remarked, a majority of the three could decide any question brought before the court for adjudication; and the only statute which it is contended requires all the judges who have heard a question argued, or a sufficient number thereof to hold a court, to be present when the decision thereon is pronounced, is contained in 2
 
 R. S.,
 
 275, § 2. That section is as follows: “ No judge of any court can sit, as such, in any cause to which he is a party or in which he is interested, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties;
 
 nor can any judge decide or take part in the decision of any question which shall have been argued in the court when he was not present and sitting therein as a judge.”
 
 Only the last clause of the section has any application to the question under consideration. The two judges who heard the argument, and they alone, decided the motion, and they were competent to do so. The other judge then present neither
 
 “decided,”
 
 nor
 
 “took part in the decision.”
 
 It does not follow that he did so from the fact that he formed a constituent part of the court at the time, any more than it would if he had heard the argument, and had expressed no opinion, in which case no one will pretend that he would have “
 
 decided,”
 
 or
 
 “ taken part in the decision.”
 
 I have no doubt but it was perfectly competent for this judge, without having heard the argument, to sit as one of the three necessary to constitute the court, and for the other two members, who did hear the argument, to make the decision, their associate taking no part therein. The change of phraseology in the last clause of the section shows that the
 
 *289
 
 legislature intended to impose no, such restriction as is contended for by the appellants5 counsel in this case.
 

 It was.the duty of the three judges who heard the argument to consult together in relation to the decision of the questions involved in the motion, in order that each might have the benefit of the views of his brethren to aid him in arriving at a proper conclusion, and doubtless such consultation was had; it is to be presumed that they discharged their duty in that respect.
 

 I think that the order of June 14th, 1855, should be affirmed with costs.
 

 All the judges concurring,
 

 Order affirmed.