Stewart *v.* Wallis.

The judgment must be affirmed.

[OSWEGO GENERAL TERM, July 7, 1857. *Hubbard, Pratt, Bacon* and *W. F. Allen,* Justices.]

---◆---

## STEWART *vs.* WALLIS.

A new assignment, in an action for a trespass, setting forth more particularly the cause of action relied upon, is not necessary, nor allowable, under the code.

An order laying out a highway, signed by only two commissioners of highways, and not containing any statement showing that the third commissioner met and deliberated with them upon the subject matter of the order; or that he was duly notified of the meeting, and failed to attend, is void.

If an order is defective in omitting to state those facts, the defect cannot be cured by parol evidence, showing that the third commissioner was duly notified, and failed to attend.

The *form* by which private property may be taken, for the purpose of laying out a public highway, having been prescribed by statute, that form must be strictly pursued, or the attempt will be ineffectual and the proceedings void; and all persons, acting under color of them, will be trespassers.

ACTION for trespass on land. The defendant justified as commissioner of highways, alleging the entry complained of to have been in the performance of his official duties in the opening and working a highway properly laid out, and that the *locus in quo* was a public highway. The order laying out the highway was signed by only two commissioners,

Stewart *v.* Wallis.

and the orders and proceedings did not show that the third commissioner attended and took part in the deliberations, or that he was notified and failed to attend. The defendant offered to show that the third commissioner was duly notified and failed to attend, and the exclusion of the evidence thus offered forms the ground of one of the defendant's exceptions. The court held the order and proceedings of the commissioners invalid. The complaint was general, alleging the trespass to have been by entry, &c. into the close of the plaintiff, situated, &c., without giving the metes and bounds. Upon the trial, the defendant having proved the existence of certain highways within the limits of the general description of the *locus in quo*, insisted that the trespass was fully justified, and that the plaintiff, if he had desired to limit the justification to a particular close, should have newly assigned. The court held that the plaintiff was not bound to new assign, and the defendant excepted.

The action was tried in the Onondaga county court, and a verdict and judgment rendered for the plaintiff, and the defendant appealed to this court.

*B. Davis Noxon,* for the appellant.

*R. H. Gardner,* for the respondent.

*By the Court,* W. F. ALLEN, J. Had the pleadings in this action been subject to the rules of the common law, the position of the defendant, regarding his justification, would have been correct, and the plaintiff not having new assigned the trespass, and particularly pointed out and described the *locus in quo,* the defendant would have been entitled to a verdict. (1 *Chit. Pl.* 663.) The code, however, has established an entirely different system of pleadings, and a new assignment would be wholly out of place under it. In courts of justice of the peace, the only pleadings are a complaint and answer, and a demurrer. (*Code,* § 64, *sub.* 1, 6.) And upon the dis-

continuance of an action commenced before a justice of the peace, upon the interposition of an answer showing that title to real property will come in question, and the bringing of a new action as a continuation of the same prosecution, the complaint and answer must be substantially the same as before the justice. ˙ (*Code,* § 60. *Wendell* v. *Mitchell,* 5 *How.* 424.) A new assignment is simply a replication, setting forth more particularly the cause of action relied upon, and, under the code, would not have been allowable ; as a reply in a justice's court is now unknown. Under the former practice, the new assignment was required to be put in before the justice, and could not be put in in the court above, in which the new action should be commenced. (*Ellice* v. *Boyer,* 8 *Wend.* 503. *Tuthill* v. *Clark,* 11 *id.* 642.) In courts of record no reply is given, except in answer to a counter-claim alleged by the defendant ; and the code expressly declares, that all pre-existing forms of pleadings are abolished, and that the forms of pleadings shall be those prescribed by that act. (*Code,* §§ 140, 153.) Had the plaintiff undertaken to reply to the answer in this case, by way of new assigning the trespass, it would have been stricken out, upon notice. If the complaint was really so general that the defendant did not know what close was intended, or what trespass was complained of, the remedy is given by the 160th section, which authorizes the court to require the pleadings to be made definite and certain by amendment. The necessity for a new assignment, in any case, was never so much for the purpose of giving information to the defendant, and enabling him to meet the charge and prevent his being misled, as to conform to the technical rules, and pleadings and practice of the court. It was unknown in equity and in admiralty, and is superseded in the courts of common law of this state, by the code.

The next question is, as to the sufficiency of the order laying out the highway on the *locus in quo,* signed by only two commissioners of highways, and not containing any statement showing that the third met and deliberated with them upon

the subject matter of the order, or was duly notified of the meeting and failed to attend. It is undoubtedly true that at common law, in matters of public concern, when authority is confided to several, a majority may act in the premises, provided all meet and consult together, and have a voice in the matter; and it will be presumed, in the absence of evidence to the contrary, that all met and deliberated. (*Green* v. *Miller*, 6 *John.* 39. *Ex parte Rogers*, 7 *Cowen*, 526. *Downing* v. *Rugar*, 21 *Wend.* 178. *Spicer* v. *Slade*, 9 *John.* 359.) The power of a majority to bind the minority and act for the whole, upon a meeting of all, is made a part of the statutory regulations of the state in cases of the delegation of power and authority to several. (2 *R. S.* 555, § 27.) But this provision does not embrace cases for which special provision is made. For the acts of commissioners of highways special provision is made by law. In 1826 provision was made authorizing a majority to act, when all had notice of the meeting and its object, provided the fact of the notification was made to appear. (*Laws of* 1826, *p.* 230, § 9.) And by the revised statutes, (1 *R. S.* 528, § 125,) any two commissioners of highways may make any order in the execution of the powers conferred upon them, provided it shall appear in the order filed by them that all met and deliberated on the subject embraced in such order, or were duly notified to attend a meeting of the commissioners for the purpose of deliberating thereon. The circumstances under which they may act in the absence of a third commissioner, and the condition upon which the order of two commissioners, made in the absence of a third, is to be valid, is prescribed by the statute, and the form of the order to be made in such case is given, to the end that the public records shall always contain prima facie evidence of the regularity and validity of the proceedings. The legislature made special provision for this case, and thereby took it out of the common law rule applicable to similar cases, as that rule was embodied in the revised statutes. They did this by allowing two to act in certain cases, although all of the commissioners should not

Stewart *v.* Wallis.

meet, which was not allowed at common law, or by the general statute, and by prescribing the form of the order in every case in which all the commissioners should not concur. They have prescribed the case in which, and the condition upon which, the order shall be valid, and of course have excluded every other case, and said that in no other case shall the order be valid. (*Broome's Legal Max.* 27 *et seq.* *Smith on Statutes,* 654, 5.) The form by which private property may be taken for public purposes having been prescribed, it must be strictly pursued, or the attempt will be ineffectual and the proceedings void, and all persons acting under the color of them will be trespassers. *Fitch* v. *Com's of Kirkland,* (22 *Wend.* 132,) and *Tucker* v. *Rankin,* (15 *Barb.* 471,) are in conflict upon the precise point now considered. The reasons for the judgment in the former case are more satisfactory to me than those of the able judge pronouncing the opinion of the court in the latter case; and therefore I prefer to follow the first decision. The county court was therefore right, and the judgment must be affirmed. If the order was defective, its defects could not be cured by parol, and the evidence offered by the defendant suppletory to the order, was properly excluded.

Judgment affirmed.

[Onondaga General Term, January 5, 1858. *Pratt, Bacon* and *W. F. Allen,* Justices.]