Shull *v.* Green.

———•◆•———

## JACOB SHULL *vs.* HERKIMER GREEN.

Where the complaint in a justice's court specifies several unlawful trespasses, upon certain lands of the plaintiff described therein, and the defendant interposes a plea of title as to a parcel of the lands only, the plaintiff may avoid the plea by an amendment of his complaint.

Where the defendant's plea of title covers only a parcel of the land, the justice may discontinue as to that parcel, and try the action as to the alleged trespasses upon the residue.

Where, in such a case, the action was wholly discontinued by the justice, and the plaintiff, on a trial in the Supreme Court, upon the same state of the

Shull *v.* Green.

pleadings, recovered damages to an amount less than fifty dollars. for tres-
passes committed exclusively upon that portion of the premises *not covered by
the plea of title; Held*, that the defendant, instead of the plaintiff, was entitled
to costs.

If the defendant is in the *actual possession* of a parcel of the lands described in
the complaint, it is unnecessary for him to plead title thereto in a justice's
court, as his possession will be a sufficient protection against any claim of
the plaintiff for an unlawful entry or trespass on that parcel.

APPEAL from an order of Justice BACON, at special term,
setting aside the defendant's judgment for costs, in a suit
originally commenced in a justice's court, and dismissed there
upon a plea of title by the defendant. The form of the plead-
ings, as well as the questions presented upon the appeal, are
stated in the opinion of the court. The plaintiff, on a trial
of the action in the Supreme Court, recovered less than fifty
dollars. As to the piece of land covered by the defendant's
plea of title, the plaintiff gave no evidence to sustain his
complaint, but confined his evidence to the residue of the
lands.

*D. Pratt*, for the appellant.

*Geo. A. Hardin*, for the respondent.

*By the Court*, MORGAN, J.   There was no reason why the
parties should have got themselves into difficulty in this case.
It appears that the plaintiff sued the defendant for unlawfully
entering upon his lands, at various times, and doing him
damage. He described his lands by metes and bounds, which
included a certain strip of land in the actual possession of
the defendant. Now, it was not necessary for the defendant
to put in a plea of title covering this strip of land. The plain-
tiff could not maintain any action in a justice's court for an
unlawful entry upon land in the possession of the defendant.
The question of title arising upon the trial, by the plaintiff's
own showing, would have been a sufficient protection to the

Shull *v.* Green.

defendant, against any claim of the plaintiff for an unlawful entry, or trespass committed, on the strip of land. But the parties evidently intended to avail themselves of any advantages which might be gained by their superior skill in pleading, under the Code; and so the defendant, instead of relying upon his possession of this particular strip of land as a defense, set up title to it, and gave the necessary undertaking to oust the justice of his jurisdiction over that cause of action. Still, there were other unlawful entries and trespasses of which the plaintiff had complained, committed upon a portion of the lands described in the complaint, as to which there was no defense of title. I see no reason why the justice did not go on with these, under section 62 of the Code, leaving the parties to go into the Supreme Court to dispute about the alleged trespasses committed by the defendant upon the residue of the lands.

I agree with the learned justice, at special term, that the plea of title did not go to the entire cause of action. The complaint set forth several unlawful entries upon the plaintiff's premises. As many of them as were made upon the strip of land in dispute, were justified by the plea of title; but there was no such justification as to the residue, and no reason can be assigned why the justice could not proceed and try him.

But I am of opinion that the plaintiff might have obviated the difficulty before the justice, by amending his complaint, and confining the alleged trespasses to the other parcel of the lands. It seems he did so confine them by his proofs on the trial. A new assignment, by a formal replication, is doubtless abolished by the Code, and could not in that form have been interposed to the defendant's plea of title. This was so decided in this court. (*Stewart* v. *Wallis*, 30 *Barb*. 344.) But I am of the opinion that the plaintiff may have the full benefit of the old replication, by simply amending his complaint. Surely, the justice may permit an amendment, or permit the plaintiff to withdraw, a claim put forth in his complaint.

---

This is all that is necessary to enable the plaintiff, in a justice's court, to newly assign the trespasses.

Instead of amending his complaint, or withdrawing his claim for the trespasses alleged to have been committed upon his small strip of land in controversy, the plaintiff acquiesced in a dismissal of the complaint, and afterwards brought his action into the Supreme Court, upon the same state of pleadings. It was stipulated upon the trial, in that court, that the cause had been brought there from the justice's court. But independent of such a stipulation, I think the plaintiff must fail to recover his costs. If it is regarded as an original action in the Supreme Court, (and I think it was improperly dismissed by the justice,) then it was necessary for the plaintiff to recover fifty dollars damages, in order to recover costs. If it is regarded as an action properly removed by a plea of title from a justice's court, then doubtless the plaintiff has failed to recover any damages in hostility to the title set up by the defendant, and for that reason the defendant is entitled to costs. (*Code,* § 61. *Burhans* v. *Tibbits,* 7 *How. Pr.* 74.)

The order appealed from should be affirmed, with $10 costs.

Order affirmed.

[ONONDAGA GENERAL TERM, June 25, 1867. *Morgan, Bacon, Foster* and *Mullin,* Justices.]