By the Court:

Monell, J.
It has long been a provision of law (2 R. S., 555, see. 21), that whenever any power, authority, or duty is confided by law to three or more persons, and whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done, and such power, authority, or duty may be exercised and performed, by a majority of such persons or officers, upon a meeting of dll the persons or offieers so intrusted or empowered, unless special provision is otherwise made. This provision is found under the title of “ General Miscellaneous Provisions concerning Suits and Proceedings in Civil Cases.” .
, The language of the statute, it would seem, is sufficiently broad to comprehend all" officers, judicial as well as ministerial. In respect to such persons or officers as it was intended the statute should include, all of them must meet and confer, and the action of a number less than the whole, although a majority, is void.
Before the statute, the rule was stated to be that, where several persons constitute a judicial body, a tribunal appointed by law to act, in matters of public concern, in the decision of controversies and causes, they must all convene and act. Where so convened and acting, a majority may decide, notwithstanding the express dissent of the minority [Ex parte Rogers, 7; Cowen, 526). The rule, however, was confined to officers or persons clothed with authority to perform or discharge a pubUc duty. In cases of private arbitration and matters of a private nature, . it was required that the whole body should be unanimous. The , statute referred to merely enacts the rule thus laid down.
This statute has frequently been applied to quasi judicial officers, and it is uniformly held that all must be present to confer.
*535 In Green v. Miller (6 Johns. R., 39), there was a parol submission to five arbitrators; four only signed the award,'and it was held all must concur.
That decision was before the statute (2 R. S., 542, sec. 7).
In Downing v. Rugar (21 Wend., 178), one overseer of the poor applied for a warrant, and it did not appear there were two overseers, although the statute required two to be elected. Cowen, J., says: “ The rule seems to be well established that in the exercise of a public as well as private authority, whether it be ministerial or judicial, all the persons to whom it is committed must confer and act together, unless there be a provision that a less number may proceed.”
In Crookcr v. Williams (id., 211) four out of fifteen commissioners to receive subscriptions to and make distribution of the capital stock of a railroad company, did not attend the meetings of the commissioners. The court held that the distribution of the stock was a judicial power, vested in all the commissioners, and that where a statute constitutes a board of commissioners, or other officers, to decide any matter, but makes no provision that a majority shall constitute a quorum, all must be present to hear and consult, though a majority may then decide.
An apportionment of a school tax made by two trustees, the third not being consulted, was held to be void (Lee v. Parry, 4 Denio, 125); and in Keeler v. Frost (22 Barb., 400), an assessment of a school tax made by two trustees was carried to the third trustee, who signed it. Yet the court held it to be void, using this strong language: “It is expressly shown that Worden did not meet with the other two trustees when the assessment was made, nor was he notified of their meeting for that purpose. The fact, if admitted, that he signed the warrant, does not relieve the case in any respect. The statute and common law both require the apportionment to be made upon the joint consultation of all the trustees, and not that the warrant shall be signed by all.” The same interpretation of the statute is made in Horton v. Garrison (23 Barb., 176), with this qualification, that if all the officers are notified to meet, and any refuse or ne *536 gleet to attend, it is the same as if they had attended and dissented from the majority. So, an order laying out a highway, signed by only two commissioners, was held to be void, it not appearing that the third .commissioner met with them, or was notified and. failed to attend (Stewart v. Wallis, 30 Barb., 344).
In all the cases to which I have referred, the officers were merely graasi judicial officers. They were clothed with certain discretionary powers, and could exercise certain judicial functions, but were not what are denominated judges, who have power to make decisions and determinations in causes and controversies between parties. Yet. the principle of the rule of the common law, as well as of the statute, would seem to be applicable to the latter class. The reason which suggested the adoption of the rule and the enactment of the statute, applies with equal force to each class; and parties have quite as much and even more interest in having their controversies settled by the, united wisdom of all the judges before whom their controversies are brought, than individuals have in matters appertaining to the administration of the affairs of towns or counties.
Nevertheless, I have not been able to satisfy myself that the statute referred to was designed to include strictly judicial officers, as distinguished from mere quasi judicial officers to whom certain functions and powers are given, expressly and by name, by statute. The language of the statute referred to, “ whenever three or more persons or officers are authorized,” &c„, would seem to imply that it was intended to confine its effect to persons or officers designated by statute, and who are required by statute to perform certain acts which, although sometimes of a semi-judicial character, are chiefly ministerial.
To apply the statute to strictly judicial officers would inevitably lead to wide differences of opinion in determining the meaning of the statute as to what would constitute a meeting of all the judges who had sat at the hearing of a cause.
This view of the statute was taken in the case of The People ex rel. Hawes v. Walker (23 Barb., 304), where a distinction is drawn between officers or persons, upon whom a public authority *537 is conferred and the members of a court of justice. In that case, three distinct bodies, i. e., the Supervisors of How York, the Judges of the Superior Court, and of the Court of Common Pleas, were constituted by law a commission, with power to appoint a commissioner of jurors; and it was held, in a decision made at Special Term, that after notice to all the members of such bodies," a majority of the whole number constituted a quorum and could act. The learned, justice says : “ That where a public authority is conferred on individuals (not on a court) who are to act judicially, all must confer together.” * "* * No reason, however, was assigned for excluding courts from the operation of the rule.
The ease of Corning v. Slosson (16 N. Y. R., 294) contains a dictum, which should be constantly remembered by all judicial officers. An appeal had been heard by three justices of the Supreme Court. Subsequently a decision was rendered by a court composed of two of the justices who had heard the appeal, and another judge, who did not hear the argument. The case turned upon the construction of section 2 of 2 R. S., 275, prohibiting any judge from deciding or taking part in a decision of any question which shall have been argued in the court when he was not present and sitting therein as a judge. The Court of Appeals held that the court was properly constituted: that it would presume that the judges who heard the argument had agreed to the decision, and it was proper for the two who sat and who had heard the appeal to render the decision, the other judge, who had not heard the appeal, taking no part in the decision, and sitting merely as one of the three necessary to constitute the court.
But the court uses this significant language : “ It was the duty of the three judges who heard the argument to consult together in relation to the decision of the questions involved in the motion, in order,that each might have the benefit of the views of his brethren to aid him in arriving at a proper conclusion, and doubtless such consultation was had; it is to be presumed that they discharged their duty in that respect.”
The differencé in the constitution of the General Terms of the *538 Supreme Court and of this Court, the former requiring three judges (Cons,, art. 6, sec. 6), and two being sufficient in this Court (Code, sec. 36), does not affect the question. If more than two judges sit, a concurrence of a majority is necessary to a valid decision; and the rule of the common law and of the statute, which requires that all who sat at the hearing shall meet and confer, is alike- applicable to a court- composed of two as of a court of any greater number of judges.
' It cannot, I think, be doubted that the practical effect- of consultations and conferences in relation to questions which a court is called on to decide, is both useful to the court and beneficial to the parties. It must be within the experience of every member of the judiciary, who has occupied a seat for a few 'years upon the bench, that views have been shaken and opinions changed at consultation meetings. A fact which has been overlooked, or not appreciated', may change a, theory or shed new and different light on the case. The investigations of one judge, more diligent than his associates, may discover a leading case or a new statute, the discussion of which may reverse opinions previously formed; and, generally, more enlarged and enlightened views are sure to he obtained and expressed.
In the doubt, however, which we entertain of the application of the statute to judges of courts, we are not prepared to hold that, for the reason assigned in the moving papers, the decision of the appeal by two of the justices who hearcj it, and which was made without consultation with their associates, should be regarded as irregular, or of no effect. But, as the order entered upon such decision, which merely reverses the judgment without ordering a new trial, is irregular, we will set it aside, and will leave the case in the hands of the justices who composed the court when-it was heard, as undecided.