Locklin agt. Casler.

## SUPREME COURT.

### MARY E. LOCKLIN agt. SANDY CASLER.

*Costs in an action commenced in justice's court, and again in this court.*

In an action of *trespass quare clausum fregit* commenced in a justice's court and the defendant answers and sets up title in himself, in the premises described in the complaint, and gives an undertaking by which the action is discontinued, and the plaintiff thereupon commences an action in this court by the service of the complaint as prepared in the justice's court, to which latter complaint the defendant interposes a demurrer, which is brought to trial at a special term and overruled, and judgment rendered for the plaintiff, with leave to defendant to answer in twenty days on payment of costs, and if not done plaintiff's damages to be assessed by a sheriff's jury, and the defendant being in default for not answering and paying costs, the sheriff's jury thereupon assess plaintiff's damages at thirty dollars.

*Held*, that the plaintiff is entitled to costs, and not the defendant.

MOTION on the part of defendant to strike out the costs, as taxed on behalf of plaintiff, from the judgment entered in favor of plaintiff for thirty dollars damages upon the assessment by a sheriff's jury.

This action was commenced in a justice's court for trespass *quare clausum fregit*. The defendant answered and set up title in the defendant, in the premises described in the complaint, in the justice's court, and gave an undertaking.

The plaintiff brought her action in this court and served the complaint in this action as prepared in justice's court. The defendant then demurred to the complaint; the demurrer was brought to a trial at a special term of this court and overruled and judgment ordered for plaintiff, with leave to answer in twenty days, and pay costs if no answer was served; the damages were ordered assessed before a sheriff's jury.

The defendant suffered the twenty days to expire and did not pay costs, nor answer, and the plaintiff thereupon proceeded before a sheriff's jury and her damages were assessed at thirty dollars, and the assessment was confirmed, and judgment ordered for plaintiff for said damages at a special term.

The taxation of costs was had before the clerk and the question here presented relates to the right to costs by the plaintiff. The parties each claim costs.

*H. Link*, for plaintiff.

*H. Clay Hall*, for defendant.

HARDIN, *J.* — The complaint in this case very appropriately sets out a cause of action in trespass, alleging the breaking of the plaintiff's *close* as the substantive allegation, and the other allegations are by way of aggravation of damages (1 *N. Y.*, 517). The complaint very properly contained a description of the premises upon which the trespasses were committed (*Ellise* agt. *Boyes*, 8 *Wendell*, 503; *The People* agt. *Rens. Com. Pleas*, 2 *Wendell*, 649). In the last case the court says that it is very proper to describe the premises by metes and bounds and thus avoid the necessity for a new assignment, and thus avoid the payment of costs, in case the plaintiff does not recover enough to carry costs in a court of record (28 *Wendell*, 649; 8 *Wendell*, 503; *Powers* agt. *Conroy*, 47 *How.*, 84, *affirmed at general term Oct. 1st*, 1874). The new assignment under the old practice could only be had before court below, and not in the court of record. Such new assignment cannot be had under the Code. The practice was abrogated by the Code (*Steward* agt. *Wallace*, 30 *Barb.*, 345). The learned counsel for the plaintiff, in his argument, suggested that the complaint merely stated " title " in the plaintiff, and that it would be necessary to show " title " in plaintiff, and, therefore, constructive possession to enable the plaintiff to maintain the action; and, consequently, that the action was one of which a justice of the peace would not

have jurisdiction; he cites the case of *Hubber* agt. *Rochseter* (8 *Howard*, 114). That case was trespass for cutting timber in wild land, and of course no recovery could be had until "title" was shown, which would draw after it a constructive possession in the plaintiff. Not so in the case at bar. The allegation, as before stated, was, that "the defendant's fowls, consisting of chickens, geese, and ducks, broke and entered the plaintiff's *close*, in the town of Little Falls, &c." "Close" is defined by Blackstone (3 *vol. Com.*, 209), to signify "a portion of lands; as, a field inclosed; as by a hedge, fence, or other sensible inclosure." This definition is approved in *Burrill's Law Dictionary* ( *page* 223, *title* " *Close* "); and it is added, that in common acceptation "close" means an inclosed field. Under the liberal system which appertains now to pleadings, it must be held that the complaint, in effect, alleges possession in the plaintiff, and that proof of such possession was admissible under her complaint, as framed in this action. To the complaint in the justice's court, the plaintiff set up title in himself of the premises described in the complaint, and gave the requisite undertaking, and caused the suit to be discontinued in the justice's court (*Code, secs.* 60, 56, 57). The plaintiff then came into this court and served a complaint like the one served before the justice, and the defendant, instead of an answer, served a demurrer to the complaint. The parties allowed the demurrer to stand, and the issue of law formed thereby was brought to trial and decision thereon made in favor of the plaintiff, sustaining the complaint and overruling the demurrer, with costs. Thereafter, damages were assessed by a sheriff's jury, and thirty dollars damages awarded to the plaintiff. The defendant omitted to pay the costs of the demurrer and avail himself of the opportunity given by the order overruling the demurrer to answer within twenty days. The assessment was confirmed upon motion made after hearing the defendant, and judgment ordered for the plaintiff for the damages so assessed.

The plaintiff has, therefore, regularly recovered a judgment upon the verdict of the jury, and the court, by an order, has directed that the plaintiff recover judgment in this court. It is provided by section 61 of the Code that if the judgment in the supreme court be for the plaintiff he shall recover costs; if it be for the defendant he shall recover costs, except that upon a verdict he shall pay costs to the plaintiff, unless the judge certify that the title to real property came in question on the trial. The first part of the section seems to cover this case, as the judgment in this court is for the plaintiff, and the case does not come within either of the other provisions of the section. The defendant has not recovered judgment, and, therefore, he cannot claim the advantage of that part of the section which says, if the judgment "be for the defendant he shall recover costs." Treating the case as though no answer was served, and giving full effect to the section which awards costs to the plaintiff in case of a recovery by him, there seems to be little room to doubt that the section applies and authorizes the plaintiff to recover also the costs of the action. The plaintiff brought her action in a justice's court, and was met by a plea of title and an undertaking and a discontinuance, and thereupon came into this court and obeyed section 60 of the Code, which required her to complain for the same cause of action only on which (she) relied before the justice. The defendant omitted to avail himself of section 60 of the Code, which provides and permits the answer of the defendant shall set up the same defense only which he made before the justice. The defendant was authorized to thus answer and set up title as he had done in the justice's court. He voluntarily waived that right. He omitted to answer either within the first twenty days after the summons and complaint were deposited before the justice, or within the twenty days provided by the order overruling the demurrer, which he also might have answered. But, on the contrary, he comes into this court, and, in and by force of his demurrer, expressly admits all the facts stated in

the plaintiff's complaint, and upon that admission allows judgment to be pronounced in favor of the plaintiff. The plaintiff has fully complied with the letter and spirit of section 60 of the Code. The defendant saw fit to waive all opportunity to set up the same defense only which he made before the justice. It has been repeatedly held under this section that a party may waive any portion of his defense. That he may waive some of the separate defenses set up before the justice (*Wiggins* agt. *Talmage*, 7 *How.*, 404, *court of appeals decision*). The same reasoning which would support his right to waive or abandon some part of his defense, or some of the separate defenses, will uphold his right to waive the whole of his defense. The court has never, in any cases to be found in the books, compelled a defendant to answer, but has, repeatedly, where he has answered, confined his answer to the same defense interposed before the justice. Shall it be said that because he put in his demurrer admitting all of the plaintiff's allegations and statements of facts that a plaintiff loses the benefit of the provsions of section 60, in respect to a recovery of costs, if he recovers a judgment in this court? No case has been cited by the counsel for the defendant, or found by the court, which upholds the right of a defendant to costs under such circumstances. The cases cited by the counsel provided for a rule to be applied in respect to answers not in keeping with the provision of the statute. In *Tutle* agt. *Clark* (11 *Wendell*, 462), NELSON, J., intimated that if such an answer or plea, which contained a departure from the defense interposed in the justice's court, was suffered to stand, and a trial had thereon, that, as to the question of costs, the court might regard the action as one originally brought in this court, and governed by the rule of costs applicable to such an original action. To the same effect was the intimation of SAVAGE, J., in the same case, heard upon a motion and reported 12 *Wendell*.

But the point here involved was not distinctly involved in that case, nor does the reasoning found in the opinions in that

case cover the question here presented. That case has been examined and considered in others arising since the Code, and the court of appeals has expressly held that a case that was commenced in a justice's court, and brought into this court by a plea of title, is not appealable to the court of appeals, and that the court might look into affidavits to determine where the action was commenced, and that it was not necessary that the fact should be found in the judgment roll in order to apply the rule, that it was not an action originally brought in this court, nor one to be treated as such (*Brown* agt. *Brown*, 6 *How.*, 320, *court of appeals ; Puglsey* agt. *Kesselburgh*, 7 *How.*, 412, *court of appeals*). In the last case cited, JOHNSON, J., says the court must look into the motion papers to see whether the suits are thereby shown to have been commenced in a justice's court ; if they appear to be so situated that in the supreme court the plaintiffs, on recovering less than fifty dollars, would be entitled to full costs against the defendant, even if the title did not come in question therein.

I think, under the case of *Brown* agt. *Brown*, we must hold this to have originated in a justice's court. In *Wiggins* agt. *Talmadge* (7 *How.*, 404), decided by the court of appeals, section 60 of the Code, it was so construed. It was there held that a defendant may abandon part of his defense before the justice when he comes into the supreme court. The court adds, the object of the provision is to prevent new defenses being interposed in the supreme court, *not* to require old ones to be insisted on when found not to be tenable. It would put the plaintiff strangely in the defendant's power if, by abandoning one of his defenses, he could deprive the plaintiff of the benefit of the statute, and it would be equally inconvenient to hold that, in order to have the benefit of the statute, the plaintiff must, by motion, compel the defendant to interpose a defense which he no longer desired to rely upon ; yet one or the other of these views must be adopted unless the practice is settled as before mentioned. So it was

held, in *Lalliette* agt. *Van Keuren*, that it is to be regarded a continuance of the suit before the justice when the undertaking is given and plea of title interposed, if the same action is brought in this court (7 *How.*, 409 ; *see* 6 *How.*, 320, *Brown* agt. *Brown*).

The sixtieth section of the Code does not prohibit a demurrer, and nothing is to be found in the Code prohibiting a demurrer in this court, when a complaint is served, even though it be a complaint for the same cause of action only relied upon in a justice's court.

It was so decided in *Jewett* agt. *Jewett* (6 *How.*, 188), by the general term of the fifth district in 1850, and ALLEN, J., says, in that case that, with the two exceptions provided by section 60 as to the complaint and answer, the pleadings are to be according to the practice of this court. The Code nowhere provides that the trial in the supreme court shall be upon the same pleadings which were interposed before the justice, and "no other." It was there held that a reply was necessary if the answer contained new matter. There being no restriction upon the defendant's right to demur in this court, the ordinary rules of the court apply, and when he put in his demurrer they were applied to it and the court disposed of it irrespective of any question as to its propriety as a pleading in an action which originated in a justice's court. It was overruled, with costs, the same as though it had been interposed in an action brought in this court (6 *How.*, 185).

The demurrer being overruled, the defendant was given an opportunity to answer in twenty days. He omitted. He thereby became in default and stood before the court without any answer. He had interposed an answer which ousted the justice of jurisdiction; he abandoned it, and at the end of the twenty days given him after the demurrer was overruled, he waived all right to answer and must be treated as though he had wholly omitted to plead after the complaint was deposited with the justice. As judge WILLARD says, in

*McNamara* agt. *Biteley* (4 *How.*, 48), the defendant was not bound to plead title ; he acted at his own peril in so doing, and must take the consequences.    The recovery of judgment in this case is for the plaintiff ; the whole judgment upon the pleadings is favorable to the plaintiff and adverse to the defendant, and fully answers the requirements of the sixty-first section in respect to the question of costs (*Burhans* agt. *Tibbits*, 7 *How.*, 74 ; *Shall* agt. *Green*, 49 *Barb.*, 314). The judgment must be permitted to stand and an order refusing to strike out plaintiff's costs as taxed allowed, and the defendant's motion denied, with ten dollars costs.