Baier vs. Ziegelbauer.

BAIER, Respondent, vs. ZIEGELBAUER, Appellant.

*September 4 — September 21, 1886.*

*Trespass to land: Evidence: Pleading: New assignment.*

1. Proof that the plaintiff had been in possession of land for thirty years claiming title under a deed, establishes his title *prima facie* in an action of trespass.

2. A new assignment is not necessary or allowable in pleading under the Code.

3. In an action in justice's court for a trespass to land the premises described in the complaint included land owned by and in the possession of the defendant. He pleaded title to the premises generally, and removed the cause to the circuit court. The proof showed a trespass upon a portion of the premises in the possession of the plaintiff, and he recovered. *Held,* that the judgment would be sustained. If the complaint was not explicit enough, the defendant should have demurred in justice's court (subd. 6, sec. 3626, R. S.), or he might, in the circuit court, have moved that it be made more definite.

APPEAL from the Circuit Court for. *Washington* County. The case is thus stated by Mr. Justice CASSODAY:

" The plaintiff complained in justice's court that the defendant, November 14 and 15, 1884, forcibly broke and entered upon the lands of the plaintiff in the N. W. $\frac{1}{4}$ of section 12, in the town of Hartford, Washington county, Wisconsin, and commenced building a fence upon the same, and otherwise injuring said premises, to the plaintiff's damage $200. The defendant answered a general denial, and specially denied the plaintiff's ownership of the premises described; and averred that the defendant was at the time the owner, and entitled to the possession, thereof. At the same time the defendant gave the requisite bond, and the cause was thereupon certified to the circuit court, where the cause was tried October 20, 1885, and, at the close of the testimony, the court directed the jury to return a verdict for the plaintiff and assess his damages at six cents, which

they did accordingly, and from the judgment entered thereon the defendant appeals."

For the appellant the cause was submitted on the brief of *H. W. Sawyer*. He contended, *inter alia*, that the new fence built by the defendant, and which constituted the alleged trespass, was on the correct line between the plaintiff's forty and that of the defendant. The plaintiff's possession of a portion of defendant's land did not entitle him to recover. *Hungerford v. Redford*, 29 Wis. 345; Cooley on Torts, 436–7. And if the defendant had entered *by force* the plaintiff could not maintain trespass. 1 Washb. on Real Prop. 619; *Hyatt v. Wood*, 4 Johns. 150. The defendant, having shown title to a portion of the lands described in the complaint, was entitled to judgment. *Ellice v. Boyer*, 8 Wend. 503; 6 Wait's Act. & Def. 90.

For the respondent there was a brief by *Paul A. Weil*, attorney, and *C. T. Hickox*, of counsel, and the cause was argued orally by *D. S. Rose* and *Mr. Hickox*.

CASSODAY, J. It appears from the undisputed evidence that the plaintiff had been in possession of the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of said section, under a deed of the same, for over thirty years; that there was a fence on the south line of it; that the defendant owned the S. E. $\frac{1}{4}$ of the same quarter section; that the defendant came upon the plaintiff's forty within the said fence, and there built another fence; and that is the trespass complained of. It is true the plaintiff testified that he lived upon the N. E. $\frac{1}{4}$ of the section; but, obviously, this was a mere inadvertence, for he testified that he had a deed of the premises, which he produced, and that covered the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of the section. All parties, manifestly, treated the misstatement as a mere inadvertence. This being a mere action of trespass, the plaintiff, *prima facie*, established his title to the forty by proving that he had been in possession under a

deed claiming such title for more than thirty years. *McLaw-rin v. Salmons*, 52 Am. Dec. 563, and notes; *Plume v. Sew-ard*, 60 Am. Dec. 599, and notes; *Knoth v. Barclay*, 6 Pac. Rep. 924; *Bates v. Campbell*, 25 Wis. 613; *Wadleigh v. Mar-athon Co. Bank*, 58 Wis. 552.

The undisputed evidence showed that the only trespass proved or claimed upon the trial was the building of a fence about two and a half or three rods north of the old fence upon the boundary line of the plaintiff's inclosure, and hence in the possession of the plaintiff. The act of trespass upon that inclosure was not disputed. The defense relied upon is that the complaint not only included the forty in the possession of the plaintiff, but another adjoining forty, in the possession of the defendant. The defendant's theory is that, upon the answer being filed, the plaintiff should have newly assigned, so as to have excluded from his de-scription all land except what was in his actual possession, as under the old practice. *Ellice v. Boyer*, 8 Wend. 503. Since that decision it has been frequently held in New York that such new assignment was not necessary nor allowable under the Code. *Stewart v. Wallis*, 30 Barb. 344; *Shull v. Green*, 49 Barb. 311; *Locklin v. Casler*, 50 How. Pr. 43. The same rule must prevail here, since we, in effect, adopted the same Code. Sec. 3626, R. S.

The case was commenced in justice's court. Had the de-fendant only pleaded title to the forty in his own possession, the plaintiff might have amended his complaint, as indi-cated in *Shull v. Green, supra;* or, possibly, the circuit court might have ordered the complaint made more definite and certain, under sec. 2683, R. S. There was no necessity of any plea of title, as held in the same case. If the com-plaint was not sufficiently explicit to raise the direct issue, the defendant should have demurred. Subd. 6, sec. 3626, R. S. Then, if the court had deemed the objection well founded, it would have ordered the complaint amended.

Subd. 7, sec. 3626, R. S. The defendant having pleaded title to all the premises described in the complaint, and having failed to maintain his plea as to the forty upon which the trespass was committed, he cannot escape the liability disclosed upon the trial of the merits, by the technical objection to the mere form of the complaint.

*By the Court.*— The judgment of the circuit court is affirmed.