(47 App. Div. 543.)

WITTLEDER v. CITIZENS' ELECTRIC ILLUMINATING CO. OF
BROOKLYN.

(Supreme Court, Appellate Division, Second Department. February 6, 1900.)

1. APPELLATE DIVISION—JUDGES—PARTICIPATING IN DECISION.
    Under Code Civ. Proc. § 46, as amended by Laws 1897, c. 268, providing that "a judge other than a judge of * * * the appellate division * * * shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a judge," a judge of such court may participate in the decision though he did not hear the oral argument.

2. UNANIMOUS DECISION.
    A decision of a court is none the less unanimous because a judge who heard the oral argument became disqualified before the decision.

On motion to resettle order. Denied.

For former opinion, see 62 N. Y. Supp. 297.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Butler, Notman, Joline & Mynderse, for appellant.
Foster L. Backus, for respondent.

HATCH, J. This is a motion to resettle the order entered herein by this court by omitting therefrom the word "unanimous." The appellant claims that it is entitled to have the order so resettled for the following reasons: When the case was argued orally before this court, Mr. Justice Cullen was a member of it, and sat at the time when the oral argument was delivered. Mr. Justice Bartlett, also a member of the court, was absent, and did not hear the case orally argued. The other members of the court were present, and constituted, with Mr. Justice Cullen, a quorum. After the case was argued, and before its decision, Mr. Justice Cullen was designated by the governor of the state as an associate judge of the court of appeals, and, being disqualified by such designation, took no part in the decision of the case. In this condition it became necessary to order a reargument of the case before the court as presently constituted, or that Mr. Justice Bartlett should participate in the de-

cision, as necessary for a legal determination. The latter course was adopted, the cause was decided, and the order made which it is now asked we should resettle. It is claimed that, as Mr. Justice Cullen did not participate in the decision, and as Mr. Justice Bartlett did not hear the oral argument, there was no unanimous decision of the appeal. If it was proper to decide this case at all as the court was constituted after the retirement of Mr. Justice Cullen, and if it could make a legal determination of the case, it must follow that it could also make a unanimous determination. Really the only question involved is whether it was competent for Mr. Justice Bartlett to participate in the decision; because, if it was competent, then the court making the decision constituted a quorum of its members, and their unanimous determination made it the determination of the court. Harroun v. Light Co., 152 N. Y. 212, 46 N. E. 291, 38 L. R. A. 615. Mr. Justice Cullen's presence and participation were not essential to work this result, for, if he had still remained a member of the court, he might have declined to vote, or he might, by accident or death, have been prevented from voting; but, if a quorum still existed, which could render a decision, the determination made, all the other members of the court concurring, constituted a unanimous determination. Upon the organization of the court of appeals under the constitution of 1846 the question was raised as to the right of a member of that court to sit in review of the determination of a cause made by the judge in the supreme court, and it was held that authority existed in the judge to sit in review of such determination. Pierce v. Delamater, 1 N. Y. 17. This was followed by other decisions to the same effect. Oakley v. Aspinwall, 3 N. Y. 547; Fry v. Bennett, 28 N. Y. 324. In the Oakley Case the question arose as to the authority of the court to make a determination of a question by less than the full number of all the judges, but, the legislature having provided that six should constitute a quorum, it was held that a majority of that number was sufficient to render a decision. These cases discuss, what is readily apparent, the necessity of conferring power upon a majority of a quorum to legally determine the question. Where a quorum of a court is constituted, and it unanimously determines what it has the legal right to determine, such act has the same force and effect, and becomes and is the act of the whole body. The right of a judge in the court of appeals to sit in review of his own decision was conferred by the constitution, and so continued until the amendments to that instrument, which took effect in 1870, when the rule was changed, and the judges sitting in the general terms and the court of appeals were prohibited from reviewing the determination of decisions made by them below. Real v. People, 42 N. Y. 270; Pistor v. Hatfield, 46 N. Y. 249. We have cited these cases for the purpose of showing that, where the duty is devolved upon a judge who is appointed in an appellate tribunal of determining the questions submitted to that court for determination, he is required by law to perform the same, and, in the absence of some prohibition, either constitutional or statutory, his duty is to participate in the decisions of the tribunal of which he is a member. It was held

in Corning v. Slosson, 16 N. Y. 294, that a judge sitting at general term, who had not heard the argument of the cause, was competent to sit with two others who heard it, for the purpose of constituting a quorum. In that case, however, the judge took no part in the decision, and subsequent decisions seem to indicate that it would have been error for him so to do. Shaw v. People, 3 Hun, 272; Parrott v. Ice Co., 38 How. Prac. 508. But we are inclined to the view that prior to the amendment of the constitution in 1870 a judge might have participated in a decision in which he did not hear the argument, based upon the authority and reasons already assigned. But, however this may be, and assuming that he would not have been so authorized, yet, in view of the present state of the law, we are clearly of opinion that this authority is conferred. Section 46 of the Code of Civil Procedure, as adopted in 1876, provided, among other things, that a judge other than a judge of the court of appeals should not decide or take part in the decision of a question argued orally in the court, when he was not present, and sitting therein as a judge. This language is prohibitory of such authority if it had before existed, as it, in effect, says that no judge except a judge of the court of appeals shall participate in the determination of a question where he has not heard the oral argument. This prohibition continued until 1897, when this section of the Code was amended so as to read:

"A judge other than a judge of the court of appeals, or of the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a judge." Laws 1897, c. 268.

We have, therefore, this result: Assuming that Mr. Justice Bartlett could not have participated in this decision, yet he was authorized to sit in order to constitute a quorum; and, with a quorum established, a decision could be rendered; and, as there was no dissent, and the remaining members of the court had authority to decide, and were unanimous in their decision, such decision operates as a unanimous decision of the court. If, however, we should be wrong in this view, the statute as now amended clearly confers authority upon a justice of this court to participate in a decision rendered by it, even though he did not hear the oral argument. This is expressly conferred by the amendment to the Code in 1897, and the same rule is made applicable to this court as it theretofore existed in the court of appeals. It is clear, therefore, that Mr. Justice Bartlett was not only present, and that a quorum existed, but that he was authorized to participate in the decision which was rendered, by express authority of law, even though he did not hear the oral argument. Such participation made the decision of this court a unanimous decision, in consequence of which the order correctly recites such fact. If this court, in its decision of the appeal, has committed an error which entitles the party to a reargument of the case, instead of a motion to resettle the order, it should ask permission to reargue it.

It follows that the motion should be denied. All concur, except HIRSCHBERG, J., who takes no part.