■ LEO GRONER, Appellant, v HARRIET GRONER, Respondent. —In an action for divorce, plaintiff husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Dutchess County (Benson, J.), entered December 5, 1983, which, *inter alia,* granted defendant wife sole custody of the parties' three children, exclusive occupancy of the marital home pendente lite, and fixed visitation rights, without holding a hearing, and without setting forth any findings of fact or reasons for its determination pursuant to Domestic Relations Law § 236 (B) (6) (b).

Justice Mangano has been substituted for former Justice, now Judge, Titone *(see,* Judiciary Law § 21; *Wittleder v Citizens' Elec. Illuminating Co.,* 47 App Div 543).

Order affirmed, insofar as appealed from, with costs.

The record on appeal before us supports the determination of Special Term. Since this was merely a pendente lite order, no error was committed by Special Term's failure to set forth the factors it considered and reasons for its decision pursuant to Domestic Relations Law § 236 (B) (6) (b) *(Chachkes v Chachkes,* 107 AD2d 786; *Belfiglio v Belfiglio,* 99 AD2d 462). Mollen, P. J., Lazer, Mangano and Rubin, JJ., concur.

■ LEO GRONER, Respondent, v HARRIET GRONER, Appellant. —Order of the Supreme Court, Dutchess County, dated December 14, 1984, affirmed, without costs or disbursements, for reasons stated by Justice Beisner at Special Term.

Justice Mangano has been substituted for former Justice, now Judge, Titone *(see,* Judiciary Law § 21; *Wittleder v Citizens' Elec. Illuminating Co.,* 47 App Div 543). Mollen, P. J., Lazer, Mangano and Rubin, JJ., concur.